1   Susan D. Fahringer, Bar No. 21567
    SFahringer@perkinscoie.com
2   Nicola C. Menaldo, WA Bar No. 44459
    (*pro hac vice* application forthcoming)
3   NMenaldo@perkinscoie.com
    PERKINS COIE LLP
4   1201 Third Avenue, Suite 4900
    Seattle, WA  98101-3099
5   Telephone:  206.359.8000
    Facsimile:  206.359.9000
6
    Gabriella Gallego, Bar No. 324226
7   GGallego@perkinscoie.com
    PERKINS COIE LLP
8   3150 Porter Drive
    Palo Alto, CA  94304-1212
9   Telephone:  650.838.4300
    Facsimile:  650.838.4350
10
11  Attorneys for Defendant
    Thomson Reuters Corporation
12
13                  **UNITED STATES DISTRICT COURT**
14                 **NORTHERN DISTRICT OF CALIFORNIA**
15                       **OAKLAND DIVISION**
16

| | |
|---|---|
| 17 CAT BROOKS and RASHEED SHABAZZ, individually and on behalf of all others similarly situated, | Case No. 4:21-cv-1418 |
| 18 | **DEFENDANT THOMSON REUTERS CORPORATION'S NOTICE OF FILING OF REMOVAL AND REMOVAL TO FEDERAL COURT** |
| 19 Plaintiffs, | |
| 20 v. | [Removed from the Superior Court of the State of California for the County of Alameda, Case No. RG20082878] |
| 21 THOMSON REUTERS CORPORATION, | |
| 22 Defendant. | Complaint Filed: December 3, 2020 |

23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that defendant Thomson Reuters Corporation ("Thomson Reuters") hereby removes this civil action from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California under 28 U.S.C. §§ 1332(d) and 1453. Thomson Reuters hereby provides a "short and plain statement of the grounds for removal" pursuant to 28 U.S.C. §1446(a).

## BACKGROUND

1.      On December 3, 2020, plaintiffs Cat Brooks and Rasheed Shabazz ("Plaintiffs") commenced a civil action entitled *Cat Brooks and Rasheed Shabazz, individually and on behalf of all others similarly situated v. Thomson Reuters Corporation* in the Superior Court of the State of California, County of Alameda, Case No. RG20082878. A true and correct copy of the complaint ("Complaint") is attached hereto as Exhibit A.

2.      The Complaint alleges that Thomson Reuters engages in the unlawful collection and sale of Californians' personal information through its online investigation software tool, CLEAR, which provides access to "both public and non-public information" about individuals in its internal database. Compl. ¶¶ 1-2.

3.      The Complaint asserts claims for (1) violations of the common law "right to publicity/misappropriation of likeness," *Id.* ¶¶ 81-89; (2) monetary relief based on violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et. seq.*, *id.* ¶¶ 90-104; (3) unjust enrichment, *id.* ¶¶ 105-110; and (4) injunctive relief based on violations of California's UCL, Cal. Bus. & Prof. Code §§ 17200 *et. seq.*, *id.* ¶¶ 111-118.

4.      Plaintiffs purport to bring claims 1-3 on behalf of themselves and a proposed class, defined as "[a]ll persons residing in the state of California whose name, photographs, personal identifying information, or other personal data is or was included in the CLEAR

database during the limitation period." Compl. ¶ 70.  Plaintiffs seek compensatory damages, declaratory relief, injunctive relief, restitution and disgorgement, public injunctive relief, costs, and reasonable attorneys' fees. *Id. Prayer for Relief* at p. 21.

5.      On January 29, 2021, Plaintiffs effected service of process of the summons and Complaint on Thomson Reuters America Corporation as the "general manager in this state" for Thomson Reuters Corporation.  *See* Exhibit B.  On Feb. 12, 2021, Plaintiffs effected service of process on Thomson Reuters America Corporation, again as the "general manager in this state" for Thomson Reuters Corporation, of the Minutes and Order regarding a "complex determination" for the action in California Superior Court.  *See id.*  No other "process, pleadings, [or] orders" have been served upon Thomson Reuters in the Superior Court of California.  28 U.S.C. § 1446(a).

### REMOVAL IS PROPER UNDER THE CLASS ACTION FAIRNESS ACT

6.      This action is removable under 28 U.S.C. § 1441(a) because this Court would have had original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") had Plaintiffs initially filed this action in federal court.  *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b) (setting procedure for removing class actions). CAFA gives federal courts original jurisdiction over putative class actions in which: (1) the aggregate number of members in the proposed class consists of at least 100 members; (2) the parties are minimally diverse, meaning "any member of a class of plaintiffs is a citizen of a State different from any defendant"; and (3) the aggregated amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs."  28 U.S.C. § 1332(d)(2), (d)(5)(B).

7.      Based on the allegations as pled in the Complaint, which must be taken as true for purposes of removal, and for the reasons set forth below, all requirements of CAFA are satisfied.

*The Proposed Class Consists Of At Least 100 Members*

8.     CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9.     Plaintiffs' Complaint seeks to certify a class of "[a]ll persons residing in the state of California whose name, photographs, personal identifying information, or other personal data is or was included in the CLEAR database during the limitations period." Compl. ¶ 70.

10.     Additionally, Plaintiffs allege that the aggregate number of members in the proposed class "includes nearly all Californians." *Id.* ¶ 72.

11.     Accordingly, this is a putative class action in which the aggregate number of proposed class members is 100 or more for purposes of 28 U.S.C. § 1332(d)(5)(B).

*Minimal Diversity Exists*

12.     Diversity under CAFA exists if "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(C). A corporation is deemed to be a citizen of every foreign state "by which it has been incorporated and . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13.     Plaintiffs allege that they are citizens of California. Compl. ¶ 6-7. In addition, the putative class in this case is limited to individuals who are California residents. *Id.* ¶ 70.

14.     Thomson Reuters is the sole defendant. Thomson Reuters is a multinational corporation incorporated in Ontario, Canada with its principal place of business in Toronto, Canada. *Id.* ¶ 8. Thomson Reuters is therefore a citizen of Ontario, Canada, and Toronto, Canada, for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *See Nike, Inc. v. Comercial Iberica De Exclusivas Deportivas, S.A.,* 20 F.3d 987, 990 (9th Cir.

1994) ("We draw no distinction between corporations incorporated in a state of the United States and those incorporated in a foreign country when determining the corporation's citizenship for purposes of diversity jurisdiction. In each instance, the corporation is deemed a citizen of its place of incorporation and the location of its principal place of business." (citation omitted)); *Bailey v. Grand Trunk Lines New England,* 805 F.2d 1097, 1101 (2d Cir. 1986) ("An alien corporation's *worldwide* principal place of business, and not its principal place of business in the United States, is controlling.").

15.     Accordingly, because all proposed class members are citizens of California, and Thomson Reuters, which is the only named defendant, is a citizen of Ontario, Canada, and Toronto, Canada, CAFA's minimal diversity requirement is satisfied.

### *The Amount in Controversy Exceeds $5,000,000*

16.     To remove a case from state court, the defendant must plead only "a short and plain statement of the grounds for removal" setting forth "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014); *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 788 (9th Cir. 2018).  This standard is satisfied when it is "facially apparent" from the complaint that the claims likely exceed $5,000,000.  *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 89.  Moreover, "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  It includes claims for monetary damages, restitution, penalties, attorneys' fees if recoverable by statute or contract, and punitive damages. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007).

17.     Here, Plaintiff's Complaint plausibly alleges an amount in controversy in excess of $5,000,000, exclusive of interest and costs.

18.     In addition to claiming actual and statutory damages, compensatory damages, declaratory relief, restitution, attorneys' fees and injunctive relief, Compl., *Prayer for Relief* at p. 21, Plaintiffs seek "disgorgement of all revenues, earnings, and profits that Thomson Reuters obtained as a result of its unlawful and wrongful conduct." *Id*. ¶ 110.

19.     Plaintiffs contend that "collecting, aggregating, and selling" putative class members' "names, images, likenesses, and other personal identifying information through products linked to its CLEAR database" constitutes unlawful and wrongful conduct. *Id.* ¶¶ 83, 93-94, 102, 114-115.  Therefore, Plaintiffs have alleged that *all* of Thomson Reuters' revenues, earnings, and profits obtained as a result of collecting, aggregating, and selling putative class members' personal information in connection with its CLEAR database are at issue in this action.

20.     As explained above, Plaintiffs allege that the putative class consists of "nearly all Californians."  Compl. ¶ 72.  California's population is approximately 39.5 million people, which is approximately 12% of the country's total population (330.1 million people).  *See* U.S. Census Bureau, California Quick Facts (July 1, 2019), https://www.census.gov/quickfacts/fact/table/CA/AFN120212; U.S. Census Bureau, U.S. and World Population Clock (Feb. 26, 2021), https://www.census.gov/popclock/.

21.     Plaintiffs allege that Thomson Reuters has signed $54 million in contracts with the U.S. Immigration and Customs Enforcement ("ICE").  *Id*. ¶ 63.  Plaintiffs seek disgorgement of this revenue.  *Id*. ¶ 110.  Approximately 12% of $54 million—representing the rough proportion of that contract attributable to Californians' personal information, according

to Plaintiffs—is $6.48 million, which satisfies the minimum amount in controversy for purposes

of CAFA jurisdiction.[1]

22.    The Complaint also alleges that Thomson Reuters offers both flat rate and "pay-

as-you-go" pricing models for access to information made available in CLEAR.  Compl. ¶ 59.

In the "pay-as-you-go" model, person searches cost at least $5.00 per report.  *Id.* ¶ 60.

Plaintiffs allege that Thomson Reuters would have paid Plaintiffs for their consent to sell their

information but for its alleged violations.  *Id.* ¶ 117.  As such, if Thomson Reuters had paid

every putative class member $5 for their personal information, or even a fraction of that

amount, the amount in controversy would well exceed $5,000,000 for "nearly all" 39.5 million

Californians.  *Id.* ¶ 72.

23.    Given the number of liability theories pursued and the nature and extent of the

damages requested, it is facially apparent that the amount in controversy exceeds $5,000,000

and therefore meets the amount in controversy requirement.  Adding attorneys' fees and valuing

the injunctive relief sought by Plaintiffs would only serve to increase the amount in controversy

further above the $5 million threshold. *See Guglielmino*, 506 F.3d at 700 (attorneys' fees

included in determining amount in controversy); *Hunt v. Washington State Apple Advert.*

*Comm'n*, 432 U.S. 333, 347 (1977) (declaratory or injunctive relief relevant in determining

amount in controversy).  Thus, Thomson Reuters has satisfied its burden to establish that the

amount in controversy exceeds $5,000,000.

---

[1] The total contracts alleged in the complaint exceed $54 million because the Complaint alleges that Thomson Reuters sells access to CLEAR to many entities, beyond the U.S. Immigration and Customs Enforcement.  *See* Compl. ¶ 11 n.2 (incorporating a website by reference that describes use cases for the CLEAR product, including anti-money laundering, child and family services, healthcare fraud, insurance fraud, tax fraud prevention, and others).  Accordingly, the amount in controversy that Plaintiffs contend is attributable to the collection, aggregation, and sale of putative class members' information likewise exceeds the amount attributable to the ICE contracts.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

24.     By the statements contained in this Notice of Removal, Thomson Reuters does not concede that Plaintiffs are entitled to any damages.

***None of CAFA's Exceptions Bar Removal***

25.     This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d).

26.     Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things: "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because the only defendant, Thomson Reuters, is a citizen of Ontario, Canada, and Toronto, Canada, and is not a citizen of California—the state where the action was filed. *See Corsino v. Perkins*, No. CV0909031 MMMCWX, 2010 WL 317418, at *5 (C.D. Cal. Jan. 19, 2010) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.") (citation omitted).

27.     Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant.  *See* 28 U.S.C. §§ 1332(d)(9), 1453(d) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws).  Those provisions do not bar jurisdiction here because Plaintiffs' claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, nor do they involve state-centric corporate governance issues.

## PROCEDURAL STATEMENT

### All Defendants Consent to Removal

28.     Only Thomson Reuters has been served as of the filing of this Notice of Removal.

### This Filing is Timely

29.     Plaintiffs purport to have served Thomson Reuters on January 29, 2021, by personally serving Thomson Reuters America Corporation, as the "general manager in this state" for Thomson Reuters Corporation.  This Notice of Removal is therefore timely under 28 U.S.C. § 1446(b) because Thomson Reuters filed this Notice of Removal within 30 days after it was purportedly served.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 47-48 (1999) (30-day removal period is not triggered until formal service); *Destfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011).

### Venue of Removed Action

30.     Venue properly lies in the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 84(a) and 1441(a), because this "district and division embrac[e]" Alameda County, where the Complaint was initially filed.

### Notice to The State Court and Plaintiffs

31.     Pursuant to 28 U.S.C. § 1446(d), Thomson Reuters is filing a copy of this Notice of Removal with the Superior Court of the State of California, County of Alameda, where this case was originally filed, and providing written notice of this removal to Plaintiffs by serving Plaintiffs' counsel with a Notice of Removal.

### Pleadings in The State Court

32.     In accordance with 28 U.S.C. § 1446(a), copies of all processes, pleadings, minutes, and orders served upon Thomson Reuters in this action are attached as Exhibit B.  A

1
2

true and correct copy of the Alameda Superior Court docket for this action is attached as

Exhibit C.

3

## NON-WAIVER OF DEFENSES

4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

33.    Thomson Reuters expressly reserves all its defenses.  By removing the action to this Court, Thomson Reuters does not waive any rights or defenses available under federal or state law.  *See, e.g.*, *Maplebrook Townhomes LLC v. Greenbank*, No. 10–CV–03688–LHK, 2010 WL 4704472, at *4 (N.D. Cal. Nov. 12, 2010) ("[R]emoval to federal court counts as a special appearance and does not waive the right to object to personal jurisdiction." (citing *Wabash W. Ry. v. Brow*, 164 U.S. 271, 278–79 (1896))).  Nothing in this Notice of Removal should be taken as an admission that Plaintiffs' allegations are sufficient to state a claim or have any substantive merit.  In addition, Thomson Reuters does not concede that Plaintiffs state any claim upon which relief can be granted, or that Plaintiffs or the putative class are entitled to any relief of any kind or nature.  *See Lewis*, 627 F.3d at 400 ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability."); *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1203 (9th Cir. 2015) (plaintiffs should not "conflat[e] the amount in controversy with the amount of damages actually recoverable.").  If any questions arise as to the propriety of the removal of this action, Thomson Reuters respectfully requests the opportunity to submit additional papers and to present oral argument.

WHEREFORE, Thomson Reuters hereby removes the above-entitled case to this Court.

23
24
25
26
27
28

1

2

DATED:  February 26, 2021

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PERKINS COIE LLP**

By :/s/Susan D. Faringher
     Susan D. Faringher, Bar No. 21567
     SFahringer@perkinscoie.com

Attorneys for Defendant
Thomson Reuters Corporation