Eric H. Gibbs (SBN 178658)
Andre M. Mura (SBN 298541)
Amanda M. Karl (SBN 301088)
Jeffrey B. Kosbie (SBN 305424)
**GIBBS LAW GROUP LLP**
505 14th Street, Suite 1110
Oakland, California 94612
(510) 350-9700 (tel.)
(510) 350-9701 (fax)
ehg@classlawgroup.com
amm@classlawgroup.com
amk@classlawgroup.com
jbk@classlawgroup.com

Jennifer D. Bennett (SBN 296726)
Neil K. Sawhney (SBN 300130)
**GUPTA WESSLER PLLC**
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 573-0336
jennifer@guptawessler.com
neil@guptawessler.com

*Attorneys for Plaintiffs and the Proposed Class*

[Additional counsel on signature page]

**UNITED STATES DISTRICT COURT FOR THE**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAT BROOKS and RASHEED SHABAZZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>  v.<br><br>THOMSON REUTERS CORPORATION,<br><br>    Defendant. | Case No. 3:21-cv-1418-EMC<br><br>**PLAINTIFFS' OPPOSITION TO MOTION TO STAY DISCOVERY** (Docket No. 37)<br><br>Date: July 29, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 5, 17th Floor<br>Judge: Hon. Edward M. Chen |

## Issue

Whether Defendant Thomson Reuters Corporation has met its heavy burden of making a strong showing that discovery should be stayed.

## Argument

The Court should deny Thomson Reuters' request to stay all discovery. *See* Docket No. 37 ("Mot.") at 2.

"The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). A party seeking to stay discovery therefore must meet the "good cause" standard of the protective order provision of Federal Rule of Civil Procedure 26(c). *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990). That standard imposes a "heavy burden of making a 'strong showing' why discovery should be denied." *Id.* (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Thomson Reuters cannot make that demanding showing for two reasons.

1. *First*, because Thomson Reuters seeks a blanket stay, it must convince this Court that its pending motion will dispose of *all* claims *with prejudice. See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 585 n.9 (D. Nev. 2013) ("a general stay of discovery is only appropriate where the Court is convinced that all claims will be dismissed"); *see also Onn v. Carnival Corp.*, 2021 WL 1267264, at *1 (N.D. Cal. Apr. 6, 2021) (denying stay because "the Court is not convinced that [plaintiff] will be unable to state a claim for relief"); *see generally Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (good cause to stay discovery may exist where court "convinced that the plaintiff will be unable to state a claim for relief"). It cannot make that showing.

Thomson Reuters offers no convincing reason why its current motion to dismiss (or successive motions, if allowed)[1] will be granted. Plaintiffs have already shown that Thomson Reuters has no realistic claim to immunity, under either the First Amendment of the U.S. Constitution or Section 230 of the Communications Decency Act. The private sale of personal

---

[1] *See Hild v. Bank of Am., N.A.*, 2015 WL 1813571, at *3 (C.D. Cal. Apr. 21, 2015) ("Federal Rule of Civil Procedure 12(g) limits a defendant's ability to bring successive motions to dismiss.").

data is not a matter of public concern; and Thomson Reuters' development, posting, and sale of 360-degree dossiers of Californians' personal information—including, by the company's own admission, proprietary information—in violation of California law are its own actions, not those of a third party. *See* Docket No. 34 ("Opp.") at 12-20. And so, it hardly matters that a *valid* First Amendment or Section 230 immunity defense might warrant a stay of discovery. *See* Mot. at 7, 9 (listing cases which Plaintiffs assume for argument's sake had correctly gauged the merits of these types of defenses). Thomson Reuters has no such valid defense. For similar reasons and more, Thomson Reuters' anti-SLAPP arguments are also meritless.[2] Opp. at 21-25. As for its federal Copyright Act defense, Thomson Reuters cannot even bring itself to argue that this defense supports a stay of discovery. *See* Mot. at 5-8. Nor could it. Opp. at 20-21. And while Thomson Reuters' remaining arguments take aim at individual claims, Mot. at 6, those arguments cannot support a *blanket* stay because Plaintiffs' right of publicity, unfair competition, and unjust enrichment claims are actionable as pleaded, and this Court has equity jurisdiction. Opp. at 3-12; *see Kor Media Grp., LLC*, 294 F.R.D. at 585 n.9 (declining to assess merits of all claims because general stay of discovery is inappropriate if plaintiff states a single claim for relief).[3]

But even if all the claims in the complaint were dismissed, Thomson Reuters' request for a

---

[2] The automatic stay provision of California's anti-SLAPP statute, Thomson Reuters concedes, does not apply in federal court due to conflicts with the Federal Rules of Civil Procedure. *Planned Parenthood Fed'n of Am., Inc. v. Ctr. for Med. Progress*, 890 F.3d 828, 833 (9th Cir.), *amended*, 897 F.3d 1224 (9th Cir. 2018); *see* Mot. at 7 n.2. Instead, Thomson Reuters argues that a stay should apply because its anti-SLAPP motion to strike is founded on purely legal arguments. *See id.* But its arguments fail from the start—the public interest exception applies here, and even if it didn't, Thomson Reuters cannot show that its private sale of data falls within the anti-SLAPP statute's protection for speech in connection with a *public* issue. *See* Opp. 21–25. Still, even if this Court were to grant the company's motion to strike, "courts have generally granted leave to amend after ruling on an anti-SLAPP motion based on legal challenges." *Todd v. Lovecruft*, 2020 WL 60199, at *21 (N.D. Cal. Jan. 6, 2020) (collecting cases). There's no reason to believe that would not be the case here. And because discovery may be used to amend a pleading that is challenged as legally insufficient, *e.g.*, *San Francisco Tech. v. Kraco Enters. LLC*, 2011 WL 2193397, at *3-4 (N.D. Cal. June 6, 2011), an automatic stay of discovery would conflict with that federal practice and is unwarranted.

[3] Mindful that this Court's civil local rules generally prohibit supplemental argument after a noticed hearing date, and because the Court can fully assess the weakness of Thomson Reuters' dispositive motions based on the existing briefing and hearing, Plaintiffs do not reargue the merits.

blanket stay would still fail because there's no reason to believe leave to amend would be denied. *See* Mot. at 2, 5 (acknowledging as much). Courts easily deny requests to stay discovery when, as here, the motion to dismiss may not be dispositive. *See Singh v. Google, Inc.*, 2016 WL 10807598, at *2 (N.D. Cal. Nov. 4, 2016) (citing *Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Res. Dev. Servs., Inc.*, 2010 WL 3746290, at *1 (N.D. Cal. Sept. 18, 2010)); *see generally Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) (noting "*presumption* under Rule 15(a) in favor of granting leave to amend").

Perhaps sensing the weakness of its defenses, Thomson Reuters claims it need only show that its motion has the "*potential* to be case-dispositive." *See* Mot. at 5 (emphasis added). To be sure, Thomson Reuters' defenses lack even the potential to be case-ending because they are meritless. Opp. at 3-25. But Thomson Reuters' recitation of the law isn't accurate or correct. Every motion to dismiss has the *potential* to be case-dispositive. But discovery isn't stayed whenever a non-frivolous dispositive motion is filed. *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, 2018 WL 1569811, at *2 (N.D. Cal. Feb. 16, 2018) ("mere filing of a motion to dismiss is not ordinarily sufficient to stop the discovery process, derail a case schedule, and delay proceedings"). "Had the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. Pro. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Gray*, 133 F.R.D. at 40. "In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.*

That is why "[a] merely colorable defense usually will not qualify to stay discovery." *Trzaska v. Int'l Game Tech.*, 2011 WL 1233298, at *3 (D. Nev. Mar. 29, 2011). Rather, "there must be *no question* in the court's mind that the dispositive motion will prevail, and therefore, discovery is a waste of effort," *id.* (emphasis in original)—such as when, say, a complaint is "utterly frivolous, or filed merely in order to conduct a 'fishing expedition' or for settlement value," *Gray*, 133 F.R.D. at 40. It's for that reason that the few courts to consider whether Ninth Circuit law would permit a more lenient standard in determining whether to stay discovery pending resolution of a dispositive motion have rejected the argument. *Kor Media Grp., LLC*, 294 F.R.D. at 583-84; *Tradebay, LLC*,

278 F.R.D. at 602-03; *Trzaska*, 2011 WL 1233298, at *3-4.[4]

2. *Second*, it is not enough that the Court may resolve the pending motions to dismiss and strike without discovery. To obtain a stay, Thomson Reuters must also "demonstrate[] good cause to stay discovery pursuant to Rule 26(c)(1)." *Smith v. Levine Leichtman Cap. Partners, Inc.*, 2011 WL 13153189, at *2 (N.D. Cal. Feb. 11, 2011) (denying motion to stay discovery for failure to demonstrate good cause despite concluding defendant's motion was potentially dispositive *and* could be decided without discovery).

Thomson Reuters has not even attempted to do so. *See* Mot. at 8-9. Because it hasn't "offered a particularized showing describing why discovery in this case is any more burdensome than it is on parties to other civil litigations . . . any interest [it] may have in resisting discovery is outweighed by the interests of Plaintiff[s], the public, and the court in maintaining an orderly and expeditious schedule." *Optronic Techs., Inc.*, 2018 WL 1569811, at *2. More than that, because Thomson Reuters continues to sell people's data without consent, Opp. at 2, and because Thomson Reuters' requested stay is potentially lengthy and indeterminate, *see* Mot. at 5 (asking to stay discovery until Thomson Reuters decides "no further case-dispositive pleading challenges is warranted"), the equities here strongly disfavor a stay of discovery. *See* Opp. at 11 (noting ongoing privacy violation is irreparable injury).

## Conclusion

For the foregoing reasons, this Court should deny Thomson Reuters' request to stay discovery.

Dated: July 6, 2021                                       Respectfully submitted,

                                                          By: /s/ Andre M. Mura

                                                          Eric H. Gibbs (SBN 178658)
                                                          Andre M. Mura (SBN 298541)

---

[4] Courts in this district that cite *Pacific Lumber Co. v. National Union Fire Insurance Co. of Pittsburgh, PA.*, 220 F.R.D. 349 (N.D. Cal. 2003), which in turn cited only out-of-circuit authority to support its statement that a "pending motion must be potentially dispositive," *id.* at 352, nonetheless properly deny requests to stay discovery unless "convinced" that a plaintiff will be unable to state a claim for relief. *E.g.*, *Onn*, 2021 WL 1267264, at *1 (Freeman, J.); *but see Reveal Chat Holdco, LLC v. Facebook, Inc.*, 2020 WL 2843369, at *3-4 (N.D. Cal. Apr. 10, 2020) (Freeman, J.) (more readily staying discovery in antitrust cases).

|   |   |
|---|---|
| 1 | Amanda M. Karl (SBN 301088) |
|   | Jeffrey B. Kosbie (SBN 305424) |
| 2 | **GIBBS LAW GROUP LLP** |
| 3 | 505 14th Street, Suite 1110 |
|   | Oakland, California 94612 |
| 4 | Telephone: (510) 350-9700 |
|   | Facsimile: (510) 350-9701 |
| 5 | ehg@classlawgroup.com |
|   | amm@classlawgroup.com |
| 6 | amk@classlawgroup.com |
|   | jbk@classlawgroup.com |
| 7 |   |
| 8 | Jennifer D. Bennett (SBN 296726) |
|   | Neil K. Sawhney (SBN 300130) |
| 9 | **GUPTA WESSLER PLLC** |
|   | 100 Pine Street, Suite 1250 |
| 10 | San Francisco, CA 94111 |
|   | Telephone: (415) 573-0336 |
| 11 | jennifer@guptawessler.com |
| 12 | neil@guptawessler.com |
| 13 | Benjamin Elga (pro hac vice) |
|   | Alice Buttrick (pro hac vice) |
| 14 | **JUSTICE CATALYST LAW INC.** |
|   | 123 William Street, 16th Floor |
| 15 | New York, NY 10038 |
|   | Telephone: (518) 732-6703 |
| 16 | belga@justicecatalyst.org |
| 17 | abuttrick@justicecatalyst.org |
| 18 | Albert Fox Cahn (pro hac vice) |
|   | **SURVEILLANCE TECHNOLOGY** |
| 19 | **OVERSIGHT PROJECT, INC.** |
| 20 | 40 Rector Street, 9th Floor |
|   | New York, NY 10006 |
| 21 | albert@stopspying.org |
| 22 | *Attorneys for Plaintiffs Cat Brooks and* |
|   | *Rasheed Shabazz and the Proposed Class* |
| 23 |   |
| 24 |   |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |