1  Susan D. Fahringer, Bar No. 21567
   SFahringer@perkinscoie.com
2  Nicola C. Menaldo, *pro hac vice*
   NMenaldo@perkinscoie.com
3  Anna M. Thompson, *pro hac vice*
   AnnaThompson@perkinscoie.com
4  PERKINS COIE LLP
   1201 Third Avenue, Suite 4900
5  Seattle, WA 98101-3099
   Telephone: 206.359.8000
6  Facsimile: 206.359.9000
7

   Gabriella Gallego, Bar No. 324226
   GGallego@perkinscoie.com
   PERKINS COIE LLP
   3150 Porter Drive
   Palo Alto, CA 94304-1212
   Telephone: 650.838.4300
   Facsimile: 650.838.4350

8  Attorneys for Defendant
   Thomson Reuters Corporation
9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                **SAN FRANCISCO DIVISION**

13

14  CAT BROOKS and RASHEED              Case No. 3:21-cv-01418-EMC
    SHABAZZ, individually and on behalf
15  of all others similarly situated,       **DEFENDANT THOMSON REUTERS**
                                            **CORPORATION'S ANSWER AND**
16                      Plaintiffs,         **AFFIRMATIVE DEFENSES TO**
                                            **PLAINTIFFS' CLASS ACTION**
17       v.                                 **COMPLAINT**

18  THOMSON REUTERS
19  CORPORATION,

20                      Defendant.

21

22

23

24

25

26

27

28

Defendant THOMSON REUTERS CORPORATION, by and through its attorneys, answers the Complaint of Plaintiffs CAT BROOKS and RASHEED SHABAZZ ("Plaintiffs") in correspondingly numbered paragraphs and headings as follows:

**PRELIMINARY STATEMENT**

Thomson Reuters Corporation's Answer and Affirmative Defenses are based on information currently available to it after reasonable investigation. Thomson Reuters Corporation reserves the right to amend this Answer and Affirmative Defenses ("Answer") based on information that becomes available through the course of discovery or further investigation.

The Complaint improperly mixes factual averments with legal theories so as to make admissions or denials of such averments difficult or impossible. Many of the allegations of the Complaint include terms that are undefined or susceptible of different meanings, including "sell," "personal facts," "personal identifying information," "private information," "dossiers," "non-public information," "personal data," "identities," and "consent." Any factual averment admitted is admitted only as to the specific fact and not as to any conclusions, characterizations, implications, or speculations that are contained in the averment or in the Complaint as a whole. Except as to those factual averments that are expressly admitted, Thomson Reuters Corporation denies each and every allegation, claim, and prayer for relief contained in the Complaint.

Thomson Reuters Corporation incorporates this Preliminary Statement into each numbered paragraph in the Answer.

**ANSWER**

**CLASS ACTION COMPLAINT**

1.      Answering paragraph 1, Thomson Reuters Corporation affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the Gramm-Leach-Bliley Act, 5 U.S.C. § 6801 *et seq*. ("GLBA"). Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Thomson Reuters Corporation offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Thomson Reuters Corporation has insufficient knowledge or information to admit or deny how it is "best known" and which of its practices are "lesser known" or unknown, and on that basis denies the allegations. Except as expressly admitted, Thomson Reuters Corporation denies the allegations in paragraph 1.

2. Answering paragraph 2, Thomson Reuters Corporation affirmatively alleges that West Publishing Corporation, a subsidiary of Thomson Reuters Corporation, operates a software product called CLEAR (collectively, Thomson Reuters Corporation and West Publishing Corporation will be referred to herein as "Thomson Reuters"). Thomson Reuters legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law

firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. The article quoted in paragraph 2 speaks for itself and requires no response. Any advertising quoted in paragraph 2 speak for themselves and require no response. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 2.

3.     Answering paragraph 3, Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR, is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Thomson Reuters has insufficient knowledge or information to admit or deny allegations regarding third parties who target Ms. Brooks or Ms. Brook's political activities, history, or practices with respect to her personal information, and on that basis denies these allegations. Thomson Reuters admits that certain information about an individual named Cat Brooks may be accessed through CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 3.

1    4.    Answering paragraph 4, Thomson Reuters affirmatively alleges that it legally

2    licenses information about businesses and individuals, including those located in California, from

3    sources that include government agencies, private entities, and third-party aggregators, each of

4    which represents that it has complied with all applicable laws in providing the information to

5    Thomson Reuters. The type of information that is available through CLEAR may differ from

6    business to business and person to person, and may differ even for the same business or person

7    depending on the customer conducting the search, the search conducted, the passage of time, and

8    other factors. CLEAR is available only to credentialed, authorized customers that certify that they

9    have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as

10    preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual

11    exploitation, regulatory compliance, due diligence related to business transactions, government

12    benefits program integrity, and law enforcement investigations. CLEAR customers include law

13    firms, businesses, and government agencies. Customers are vetted before they may access CLEAR

14    and must certify their permissible purpose(s) under the applicable statute(s) each time they use

15    CLEAR. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans

16    to pay for their use of CLEAR. Thomson Reuters has insufficient knowledge or information to

17    admit or deny the knowledge of third parties, and on that basis denies these allegations. The

18    remaining allegations in paragraph 4 are legal conclusions to which no response is required. Except

19    as expressly admitted, Thomson Reuters denies the allegations in paragraph 4.

20    5.    Answering paragraph 5, Thomson Reuters admits that Plaintiffs seek to bring this

21    action individually and on behalf of the putative statewide class defined in paragraph 70 of the

22    Complaint. Thomson Reuters denies that any putative class is amenable to class certification or that

23    Plaintiffs can satisfy the requirements of Rule 23. The remaining allegations in paragraph 5 are

24    legal conclusions to which no response is required. Except as expressly admitted, Thomson Reuters

25    denies the allegations in paragraph 5.

26    **PARTIES**

27    6.    Answering paragraph 6, Thomson Reuters has insufficient knowledge or

28    information to admit or deny the county of residence of Plaintiff Cat Brooks and on that basis denies

these allegations. The remaining allegations in paragraph 6 are legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 6.

7. Answering paragraph 7, Thomson Reuters has insufficient knowledge or information to admit or deny the county of residence of Plaintiff Rasheed Shabazz and on that basis denies these allegations. The remaining allegations in paragraph 7 are legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 7.

8. Admitted.

## JURISDICTION AND VENUE

9. Answering paragraph 9, Thomson Reuters admits that West Publishing Corporation, a subsidiary of Thomson Reuters Corporation, is licensed to do business in California and that it regularly conducts business in California. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources, including California sources, that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The remaining allegations in paragraph 9 are legal conclusions to which no response is required. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 9.

10. Answering paragraph 10, Thomson Reuters admits that it does not reside in California. Thomson Reuters has insufficient knowledge to admit or deny the county of residence of Plaintiffs and on that basis denies the allegation. The remaining allegations in paragraph 10 are legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

**CLEAR aggregates billions of data points about individuals and sells this information without obtaining consent or providing compensation.**

11. Answering paragraph 11, Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from

sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. The website quoted in paragraph 11 speaks for itself and requires no response. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 11.

12. Answering paragraph 12, Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Thomson Reuters has insufficient knowledge or information to admit or deny the allegations in the second sentence of paragraph 12 and on that basis denies these allegations. The remaining allegations in paragraph 12 are legal conclusions to which no

response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 12.

13. Answering paragraph 13, Thomson Reuters affirmatively alleges that it legally licenses the information about businesses and individuals available in CLEAR, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 13.

14. Paragraph 14 contains legal conclusions to which no response is required. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 14.

15. Answering paragraph 15, Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person

depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. The content of the website described in paragraph 15 speaks for itself and requires no response. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 15.

16.     Answering paragraph 16, Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. The content of the article described in paragraph 16 speaks for itself and requires no response. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 16.

17.     Answering paragraph 17, Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to

Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. The content of the article quoted in paragraph 17 speaks for itself and requires no further response. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 17.

18. Answering paragraph 18, Thomson Reuters states that the content of the websites quoted in paragraph 18 speaks for itself and requires no response. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 18.

19. Answering paragraph 19, Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR

1    and must certify their permissible purpose(s) under the applicable statute(s) each time they use

2    CLEAR. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans

3    to pay for their use of CLEAR, including plans described as "comprehensive." The content of the

4    website quoted in paragraph 19 speaks for itself and requires no response. Except as expressly

5    admitted, Thomson Reuters denies the allegations in paragraph 19.

6    **CLEAR sells customers the ability to easily and quickly search for a specific individual's**

7    **personal and non-public information**

8    20.    The content of the advertising quoted in paragraph 20 speaks for itself and requires

9    no response. To the extent a further response is required, Thomson Reuters denies the allegations

10   in paragraph 20.

11   21.    Answering paragraph 21, Thomson Reuters admits that CLEAR is widely used by

12   law firms, businesses, and government agencies and receives an average of at least 100,000 queries

13   a day. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 21.

14   22.    Admitted.

15   23.    Answering paragraph 23, Thomson Reuters admits that authorized, credentialed

16   customers can search the CLEAR database to search for a specific individual or entity. Thomson

17   Reuters admits that it offers Person Search and Risk Inform search types. Except as expressly

18   admitted, Thomson Reuters denies the allegations in paragraph 23.

19   **CLEAR's Person Search:**

20   24.    Answering paragraph 24, Thomson Reuters admits that Person Search allows

21   authorized, credentialed customers to search the CLEAR database using information such as an

22   individual's name, address, phone number, social security number, date of birth, age range, or

23   driver's license number. Except as expressly admitted, Thomson Reuters denies the allegations in

24   paragraph 24.

25   25.    Answering paragraph 25, Thomson Reuters admits that Person Search allows

26   authorized, credentialed customers to search the CLEAR database using information such as an

27   individual's age range. Except as expressly admitted, Thomson Reuters denies the allegations in

28   paragraph 25.

26.     Answering paragraph 26, Thomson Reuters admits that Person Search allows authorized, credentialed customers to search the CLEAR database. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Thomson Reuters legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 26.

27.     Answering paragraph 27, Thomson Reuters admits that the Person Search results page displays a dashboard with "possible quick analysis flags" which have changed over time. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 27.

28.     Answering paragraph 28, Thomson Reuters admits that the dashboard previously known as Web Analytics allows the user to view certain information about individuals from publicly available online sources. Thomson Reuters admits that the dashboard has various filtering options which have changed over time. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 28.

29.     Answering paragraph 29, Thomson Reuters admits that it offers a dashboard that includes tools and filtering options which have changed over time. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 29.

30.     Answering paragraph 30, Thomson Reuters admits that authorized, credentialed customers may create reports from Person Search results. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may

differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 30.

**CLEAR's Risk Inform Search:**

31.     Answering paragraph 31, Thomson Reuters affirmatively alleges that Risk Inform allows authorized, credentialed users to customize their searches to include, filter, or score specific data elements or flags that are relevant to their own assessment of risk and to define an algorithm to generate a custom score specific to their use case or risk model. The content of the website quoted in paragraph 31 speaks for itself and requires no response. Thomson Reuters also affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 31.

32.     Answering paragraph 32, Thomson Reuters affirmatively alleges that Risk Inform allows authorized, credentialed customers to search the CLEAR database using information such as an individual's date of birth or age range. Thomson Reuters also affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 32.

33. Answering paragraph 33, Thomson Reuters admits that the same information available through Person Search may also be available through Risk Inform. Thomson Reuters affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 33.

34. Answering paragraph 34, Thomson Reuters affirmatively alleges that Risk Inform allows authorized, credentialed customers to define an algorithm to generate a custom score specific to their use case or risk model. Thomson Reuters affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 34.

35. Answering paragraph 35, Thomson Reuters affirmatively alleges that Risk Inform allows authorized, credentialed customers to customize a report to include, filter, and score specific data elements or flags, some of which track the National Crime Information Center offense classifications, to help users filter out offenses that are more or less relevant to their use case or risk model. Not all offenses are reported by all jurisdictions. For example, California records do not include offenses relating to abortion, and CLEAR does not include Protected Health Information as defined under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Risk Inform allows authorized, credentialed customers to define an algorithm to generate a custom score specific to their use case or risk model. Thomson Reuters also affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 35.

36. Answering paragraph 36, Thomson Reuters affirmatively alleges that Risk Inform allows authorized, credentialed customers to customize a report to include, filter, and score specific data elements or flags that are relevant to their own assessment of risk. One such customizable data element or flag is whether a person is associated with multiple names. Thomson Reuters also

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). Thomson Reuters has insufficient knowledge or information to admit or deny the allegations in paragraph 36 regarding the groups most likely to change their names, and on that basis denies these allegations. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 36.

37.     Answering paragraph 37, Thomson Reuters affirmatively alleges that Risk Inform allows authorized, credentialed customers to click on Risk Inform flags to see additional information, where available. Thomson Reuters affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 37.

38.     Answering paragraph 38, Thomson Reuters affirmatively alleges that Thomson Reuters' research and investigative software, CLEAR, is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. Risk Inform allows authorized, credentialed users to customize their searches to include, filter, or score specific data elements or flags that are relevant to their own assessment of risk. Thomson Reuters admits that Risk Inform allows authorized, credentialed customers to generate a report that may include information about an individual and his or her possible relatives, associates, and neighbors. Thomson Reuters also affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

challenge the risk inform scores themselves"). Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 38.

### *Thomson Reuters has offered the named plaintiffs' personal and sensitive information for sale through CLEAR, without the plaintiffs' consent*

39.     Answering paragraph 39, Thomson Reuters affirmatively alleges that it offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Thomson Reuters legally licenses the information about businesses and individuals available in CLEAR from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. Thomson Reuters has insufficient knowledge or information to admit or deny what Plaintiffs agreed to and on that basis denies these allegations. Paragraph 39 also contains legal conclusions to which no response is required. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 39.

40.     Answering paragraph 40, Thomson Reuters affirmatively alleges that CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Thomson Reuters legally licenses the information about businesses and individuals available in CLEAR from sources that include

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 40.

**Cat Brooks:**

41.     Thomson Reuters has insufficient knowledge or information to admit or deny the allegations in paragraph 41 and on that basis denies these allegations.

42.     Paragraph 42 contains legal conclusions to which no response is required. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 42.

43.     Answering paragraph 43, Thomson Reuters admits that certain information about an individual named Cat Brooks may be accessed through CLEAR. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

time, and other factors. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 43.

44. Answering paragraph 44, Thomson Reuters has insufficient knowledge or information to admit or deny whether and for what reasons Ms. Brooks changed her name and on that basis denies these allegations. Thomson Reuters admits that certain information about an individual named Cat Brooks may be accessed through CLEAR. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. Risk Inform allows authorized, credentialed users to customize their searches to include, filter, or score specific data elements or flags that are relevant to their own assessment of risk. One such customizable data element or flag is whether a person is associated with multiple names. Thomson Reuters also affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). Thomson Reuters has insufficient knowledge or information to admit or deny the content of the report described in paragraph 44 and on that basis denies these allegations. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 44.

45. Answering paragraph 45, Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and

other factors. A dashboard previously known as Web Analytics also allows the user to view certain information about individuals from publicly available online sources. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 45.

46.     The content of the website cited in paragraph 46 speaks for itself and requires no response. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 46.

47.     The content of the website described in paragraph 47 speaks for itself and requires no response. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 47.

48.     Denied.

49.     Answering paragraph 49, Thomson Reuters admits that, in order to effectuate requests submitted through the "For CA: Do not sell my information" link on its website, it verified the requester through the submission of a photo and photo ID. Thomson Reuters has insufficient knowledge or information to admit or deny the remaining allegations in paragraph 49 and on that basis denies these allegations. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 49.

**Rasheed Shabazz:**

50.     Thomson Reuters has insufficient knowledge or information to admit or deny the allegations in paragraph 50 and on that basis denies these allegations.

51.     Paragraph 51 contains legal conclusions to which no response is required. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals,

including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 51.

52. Thomson Reuters has insufficient knowledge or information to admit or deny the allegations in paragraph 52 and on that basis denies these allegations. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 52.

53. Answering paragraph 53, Thomson Reuters admits that certain information about an individual named Rasheed Shabazz may be accessed through CLEAR. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 53.

54. Answering paragraph 54, Thomson Reuters has insufficient knowledge or information to admit or deny whether and for what reasons Mr. Shabazz changed his name or whether information about Mr. Shabazz is accurate and on that basis denies these allegations. Thomson Reuters admits that certain information about an individual named Rasheed Shabazz may be accessed through CLEAR. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which

represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 54.

55. Answering paragraph 55, Thomson Reuters affirmatively alleges that Risk Inform allows authorized, credentialed users to customize their searches to include, filter, or score specific data elements or flags that are relevant to their own assessment of risk. One such customizable data element or flag is whether a person is associated with multiple names. Thomson Reuters also affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). Thomson Reuters has insufficient knowledge or information to admit or deny the content of the report described in paragraph 55 and on that basis denies these allegations. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 55.

56. Answering paragraph 56, Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. A dashboard previously known as Web Analytics allows the user to view certain information about individuals from publicly available online sources. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

1  agencies. Customers are vetted before they may access CLEAR and must certify their permissible

2  purpose(s) under the applicable statute(s) each time they use CLEAR. Except as expressly admitted,

3  Thomson Reuters denies the allegations in paragraph 56.

4     57.    Answering paragraph 57, Thomson Reuters admits that, in order to effectuate

5  requests submitted through the "For CA: Do not sell my information" link on its website, it verified

6  the requester through the submission of a photo and photo ID. Thomson Reuters has insufficient

7  knowledge or information to admit or deny the remaining allegations in paragraph 57 and on that

8  basis denies these allegations. Except as expressly admitted, Thomson Reuters denies the

9  allegations in paragraph 57.

10  ***Thomson Reuters makes substantial profits from its sale of personal data and identifying***

11  ***information through CLEAR***

12     58.    Answering paragraph 58, Thomson Reuters affirmatively alleges that its research

13  and investigative software, CLEAR, is available only to credentialed, authorized customers that

14  certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes

15  such as preventing fraud, preventing money laundering, protecting victims of human trafficking

16  and sexual exploitation, regulatory compliance, due diligence related to business transactions,

17  government benefits program integrity, and law enforcement investigations. CLEAR customers

18  include law firms, businesses, and government agencies. Customers are vetted before they may

19  access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each

20  time they use CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in

21  paragraph 58.

22     59.    Answering paragraph 59, Thomson Reuters affirmatively alleges that it legally

23  licenses information about businesses and individuals, including those located in California, from

24  sources that include government agencies, private entities, and third-party aggregators, each of

25  which represents that it has complied with all applicable laws in providing the information to

26  Thomson Reuters. The type of information that is available through CLEAR may differ from

27  business to business and person to person, and may differ even for the same business or person

28  depending on the customer conducting the search, the search conducted, the passage of time, and

other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Thomson Reuters admits that it stores certain data in Strategic Data Centers. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 59.

60.     Paragraph 60 contains legal conclusions to which no response is required. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 60.

61. Answering paragraph 61, Thomson Reuters affirmatively alleges that it offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Thomson Reuters admits that the minimum contract term for certain authorized, credentialed customers is twelve months. The content of the website quoted in paragraph 61 speaks for itself and requires no response. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 61.

62. Answering paragraph 62, Thomson Reuters affirmatively alleges that its research and investigative software, CLEAR, is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Thomson Reuters offers credentialed, authorized customers a variety of subscription plans to pay for their use of CLEAR. Thomson Reuters also affirmatively alleges that Plaintiffs have represented that the Risk Inform score does not form the basis for their claims in this case. *See* Dkt. 34, p. 13 n.9 ("Plaintiffs do not challenge the risk inform scores themselves"). The content of the website quoted in paragraph 62 speaks for itself and requires no response. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 62.

63. Answering paragraph 63, Thomson Reuters affirmatively alleges that CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Thomson Reuters has insufficient knowledge or information to admit or deny the content or import of "Government records," and on that basis denies these allegations. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 63.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

***Thomson Reuters is aware of the privacy concerns posed by its appropriation and sale of***

***individuals' personal data without their consent***

64.     Answering paragraph 64, Thomson Reuters affirmatively alleges that it takes seriously the legality and legitimacy with which its investigative solutions are used, including with respect to individual privacy rights. Thomson Reuters legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 64.

65.     Answering paragraph 65, the content of the website quoted in paragraph 65 speaks for itself and requires no response. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a

permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 65.

66.     Answering paragraph 66, the content of the website quoted in paragraph 66 speaks for itself and requires no response. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 66.

67.     Paragraph 67 contains legal conclusions to which no response is required. The content of the article referenced in paragraph 67 speaks for itself and requires no response. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable statute(s) each time they use CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 67.

68.     Denied.

69.     Thomson Reuters has insufficient knowledge or information to admit or deny the allegations in paragraph 69 and on that basis denies these allegations. Thomson Reuters affirmatively alleges that it legally licenses information about businesses and individuals, including those located in California, from sources that include government agencies, private entities, and third-party aggregators, each of which represents that it has complied with all applicable laws in providing the information to Thomson Reuters. The type of information that is available through CLEAR may differ from business to business and person to person, and may differ even for the same business or person depending on the customer conducting the search, the search conducted, the passage of time, and other factors. CLEAR is available only to credentialed, authorized customers that certify that they have a permissible purpose under the GLBA. Customers use CLEAR for purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. CLEAR customers include law firms, businesses, and government agencies. Customers are vetted before they may access CLEAR and must certify their permissible purpose(s) under the applicable

statute(s) each time they use CLEAR. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 69.

## CLASS ACTION ALLEGATIONS

70. Answering paragraph 70, Thomson Reuters admits that Plaintiffs seek to bring this action individually and on behalf of a statewide class of all other similarly situated individuals, as defined in paragraph 70. Thomson Reuters denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 70.

71. Answering paragraph 71, Thomson Reuters admits that Plaintiffs attempt to bring this action individually and on behalf of a statewide class of all other similarly situated individuals, as defined in paragraph 70, and that Plaintiffs purport to exclude from this class the individuals listed in paragraph 71. Thomson Reuters denies that any putative class is amenable to class certification or that Plaintiffs can satisfy the requirements of Federal Rules of Civil Procedure 23. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 71.

72. Answering paragraph 72, Thomson Reuters has insufficient knowledge or information to admit or deny the allegations regarding Plaintiffs' knowledge and on that basis denies these allegations. Paragraph 72 also contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 72.

73. Paragraph 73 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 73.

74. Paragraph 74 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 74.

75. Thomson Reuters has insufficient knowledge or information to admit or deny the allegations in paragraph 75 and on that basis denies these allegations. Paragraph 75 also contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 75.

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

76. Paragraph 76 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 76.

77. Paragraph 77 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 77.

78. Paragraph 78 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 78.

79. Paragraph 79 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 79.

80. Paragraph 80 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 80 and specifically denies that Plaintiffs or other putative class members are entitled to any injunctive relief, declaratory relief, or any other relief whatsoever.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**

**Common Law Right to Publicity/Misappropriation of Likeness**

81. Answering paragraph 81, Thomson Reuters repeats and incorporates by reference its responses to each preceding paragraph as if fully stated herein. Additionally, Plaintiffs' First Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 81.

82. Paragraph 82 contains legal conclusions to which no response is required. Additionally, Plaintiffs' First Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 82.

83. Paragraph 83 contains legal conclusions to which no response is required. Additionally, Plaintiffs' First Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 83.

84. Paragraph 84 contains legal conclusions to which no response is required. Additionally, Plaintiffs' First Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 84.

85.     Paragraph 85 contains legal conclusions to which no response is required. Additionally, Plaintiffs' First Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 85.

86.     Paragraph 86 contains legal conclusions to which no response is required. Additionally, Plaintiffs' First Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 86.

87.     Paragraph 87 contains legal conclusions to which no response is required. Additionally, Plaintiffs' First Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 87.

88.     Paragraph 88 contains legal conclusions to which no response is required. Additionally, Plaintiffs' First Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 88.

89.     Paragraph 89 contains legal conclusions to which no response is required. Additionally, Plaintiffs' First Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 89.

## SECOND CAUSE OF ACTION

### Unfair Competition Law, Cal. Bus. & Prof. § 17200, Monetary Relief

90.     Answering paragraph 90, Thomson Reuters repeats and incorporates by reference its responses to paragraphs 1-89, above as if fully stated herein. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 90.

91.     Paragraph 91 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 91.

92.     Paragraph 92 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 92.

93.     Paragraph 93 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 93.

94.     Paragraph 94 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 94.

95.     Paragraph 95 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 95.

96.     Paragraph 96 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 96.

97.     Paragraph 97 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 97.

98.     Paragraph 98 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 98.

99.     Paragraph 99 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 99.

100.     Paragraph 100 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 100.

101.     Paragraph 101 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 101.

102.     Paragraph 102 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 102.

103.     Paragraph 103 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 103.

104.     Paragraph 104 contains legal conclusions to which no response is required. Additionally, Plaintiffs' Second Cause of Action has been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 104.

## THIRD CAUSE OF ACTION

### Unjust Enrichment

105.     Answering paragraph 105, Thomson Reuters incorporates by reference its response to paragraphs 1-104, above. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 105.

106.     Paragraph 106 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 106.

107.     Paragraph 107 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 107.

108.     Paragraph 108 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 108.

109.     Paragraph 109 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 109.

110.     Paragraph 110 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 110.

**FOURTH CAUSE OF ACTION**

**Unfair Competition Law, Cal. Bus. & Prof. § 17200, Public Injunctive Relief**

111.     Answering paragraph 111, Thomson Reuters repeats and incorporates by reference its responses to paragraphs 90-110, above as if fully stated herein. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 111.

112.     Paragraph 112 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 112.

113.     Paragraph 113 contains legal conclusions to which no response is required. Additionally, Plaintiffs' UCL claims based on "unlawful" conduct have been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 113.

114.     Paragraph 114 contains legal conclusions to which no response is required. Additionally, Plaintiffs' UCL claims based on "unlawful" conduct have been dismissed. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 114.

115.     Paragraph 115 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 115.

116.     Paragraph 116 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 116.

117.     Paragraph 117 contains legal conclusions to which no response is required. To the extent a further response is required, Thomson Reuters denies the allegations in paragraph 117.

118.     Answering paragraph 118, Thomson Reuters admits that Plaintiffs bring their Fourth Cause of Action in a representative capacity but denies that they are entitled to any relief. Except as expressly admitted, Thomson Reuters denies the allegations in paragraph 118.

**PRAYER FOR RELIEF**

Answering paragraphs a-g of the Prayer for Relief, and to the extent a response is required, Thomson Reuters denies that Plaintiffs are entitled to any of the relief sought in law, equity, or otherwise, whether individually or on behalf of any allegedly similarly situated individuals. Further, Thomson Reuters denies that class certification is proper and denies that Plaintiffs or the putative class they seek to represent are entitled to any relief whatsoever.

**JURY DEMAND**

Thomson Reuters demands a jury trial of all matters so triable.

**DEFENDANT'S GENERAL DENIAL**

To the extent any allegation has not been expressly admitted, explained, qualified, or denied, Thomson Reuters denies the remaining allegations in the Complaint.

**DEFENDANT'S SEPARATE DEFENSES**

Without admitting any of the allegations contained in the Complaint and without admitting or acknowledging that Thomson Reuters bears any burden of proof as to any of them, Thomson Reuters asserts the defenses listed below. Thomson Reuters reserves the right to assert any and all additional defenses of which it may become aware during the course of this case.

**First Affirmative Defense**

**(Failure to State a Claim)**

Plaintiffs' Complaint, as a whole and with respect to each purported claim and cause of action alleged therein, fails to state facts sufficient to state a claim upon which relief can be granted.

**Second Affirmative Defense**

**(First Amendment to the United States Constitution)**

Plaintiffs' claims are barred in whole or in part by the First Amendment to the United States Constitution. The First Amendment protects the collection and dissemination of information and other "upstream" activities that make expression possible. *See, e.g.*, *Sorrell v. IMS Health Inc.*, 564 U.S. 552, 570 (2011). It also protects opinions. *Partington v. Bugliosi*, 56 F.3d 1147, 1152 (9th Cir. 1995). Through CLEAR, Thomson Reuters collects and disseminates information about businesses and individuals to authorized, credentialed customers. Through Risk Inform, authorized, credentialed users can customize their searches to include, filter, or score specific data elements or flags that are relevant to their own assessment of risk and can define an algorithm to generate a custom score specific to their use case or risk model. Customers use CLEAR and Risk Inform for various purposes such as preventing fraud, preventing money laundering, protecting victims of human trafficking and sexual exploitation, regulatory compliance, due diligence related to business transactions, government benefits program integrity, and law enforcement investigations. The

information and opinions expressed through CLEAR and Risk Inform facilitate expression and the exchange of information in connection with each of these and other non-enumerated purposes for which CLEAR and Risk Inform are used.

A requirement that Thomson Reuters obtain Plaintiffs' and putative class members' consent prior to offering paid subscriptions for access through CLEAR to information pertaining to Plaintiffs and putative class members is a content-based restriction on speech subject to strict scrutiny. Such a requirement explicitly places restrictions on the expression and dissemination of some categories of information, *i.e.* information pertaining to individuals in California who have not consented, but not others, *i.e.* information pertaining to individuals outside California and individuals in California who have consented. Such a requirement is also a speaker-based restriction on speech subject to strict scrutiny because it burdens Thomson Reuters' expression and dissemination of large swaths of information but exempts all other individuals and organizations, such as newspapers, researchers, private investigators, and ordinary individuals from similar restrictions.

The relief Plaintiffs seek fails strict scrutiny because it is not narrowly tailored to serve a compelling government interest. It also fails intermediate scrutiny because it burdens the collection and dissemination of information and the expression of opinion without a sufficiently important governmental interest. Any injunction would constitute an impermissible prior restraint on speech.

Relatedly, although the claim has been dismissed, to the extent Plaintiffs' UCL unlawful claim is based on California Civil Code section 3344(a), it is barred by the newsworthiness exception of California Civil Code section 3344(d) because that exception incorporates First Amendment protections.

### Third Affirmative Defense

### (Communications Decency Act, 47 U.S.C. § 230)

Plaintiffs' claims are barred in whole or in part by Section 230 of the Communications Decency Act. Thomson Reuters is an interactive computer service provider because it provides or enables computer access by multiple users to a computer server through its CLEAR platform and allows users through CLEAR to filter, digest, and search content. Through CLEAR, Thomson

ANSWER TO CLASS ACTION COMPLAINT
Case No. 3:21-cv-01418-EMC

Reuters publishes third-party content, including from the Internet, third-party data providers, and law enforcement agencies. Plaintiffs' action seeks to render Thomson Reuters liable for publishing this third-party content. Accordingly, Thomson Reuters is an interactive computer service that is immune from liability for publishing content provided by another information content provider under the Communication Decency Act.

### Fourth Affirmative Defense

### (No Causation)

The Complaint and each purported cause of action alleged therein are barred to the extent that the conduct of Thomson Reuters upon which Plaintiffs base their claims was not the actual or proximate cause of any loss, damage, or injury suffered by Plaintiffs and/or members of the asserted putative class.

### Fifth Affirmative Defense

### (Dormant Commerce Clause)

Plaintiffs' claims are barred in whole or in part by the dormant Commerce Clause of the United States Constitution. For example, Thomson Reuters Corporation is a multinational company headquartered in Canada and West Publishing Corporation is headquartered in Minnesota. Many of Thomson Reuters' customers are located outside of California. A California law that prohibits Thomson Reuters from providing credentialed, authorized customers access to factual information about Californians would unconstitutionally burden interstate commerce and have the practical effect of impermissibly regulating conduct occurring wholly outside of California.

### Sixth Affirmative Defense

### (Good Faith)

Plaintiffs' claims are barred in whole or in part by Thomson Reuters' good faith and reasonable interpretation of California law. Any alleged violation was neither negligent, intentional, nor reckless.

**Seventh Affirmative Defense**

**(Unjust Enrichment)**

Plaintiffs' claims are barred in whole or in part because Plaintiffs would be unjustly enriched if allowed to recover any portion of the damages, restitution, disgorgement, costs, or fees sought in the Complaint.

**Eighth Affirmative Defense**

**(Failure to Mitigate)**

Plaintiffs' claims are barred in whole or in part by Plaintiffs' failure to mitigate their alleged damages.

**Ninth Affirmative Defense**

**(No Injunctive or Equitable Relief)**

Plaintiffs and the proposed putative class are not entitled to injunctive or equitable relief, including because adequate legal remedies are available and because they have not suffered irreparable harm or injury.

**Tenth Affirmative Defense**

**(Estoppel and Waiver)**

Plaintiffs' claims are barred in whole or in part by the doctrines of estoppel and/or waiver.

**Eleventh Affirmative Defense**

**(No Restitution)**

Plaintiffs' claims are barred in whole or in part because they seek restitutionary remedies from a party to whom they made no payment.

**Twelfth Affirmative Defense**

**(Consent)**

Upon information and belief, Plaintiffs' claims are barred in whole or in part because Plaintiffs consented to the dissemination of some or all of the information that forms the basis for their claims, including by sharing that information through public or third-party sources.

## Thirteenth Affirmative Defense

### (Acquiescence)

Plaintiffs' claims are barred by the doctrine of acquiescence.

## Fourteenth Affirmative Defense

### (Statutes of Limitation)

Plaintiffs' claims are barred by the applicable statutes of limitations.

## Fifteenth Affirmative Defense

### (Laches)

Plaintiffs' claims are barred in whole or in part by the doctrines of laches to the extent Plaintiffs unreasonably delayed seeking to vindicate their purported rights.

## Sixteenth Affirmative Defense

### (Terms of the CCPA)

Plaintiffs' claims are barred in whole or in part under the California Consumer Privacy Act ("CCPA"), Cal. Civ. Code § 1798.100, *et seq*., which does not permit private litigants to base a claim on an alleged violation of the CCPA, and which authorizes the opt-out consent model that forms the basis for Plaintiffs' claims.

## Seventeenth Affirmative Defense

### (No Class Action)

Plaintiffs' action cannot be maintained as a class action because the requirements of Federal Rules of Civil Procedure 23 have not been and cannot be satisfied.

## Eighteenth Affirmative Defense

### (Due Process)

Plaintiffs' claims barred in whole or in part by the Due Process Clause of the United States Constitution because the disparity between the injury and damage actually suffered by Plaintiffs and the putative class members, on one hand, and the relief that they seek, on the other hand, is so grossly excessive and disproportionate as to constitute a violation of Thomson Reuters' due process rights.

**Nineteenth Affirmative Defense**

**(Article III Standing)**

Plaintiffs' claims may be barred in whole or in part under Article III of the United States Constitution. The Complaint alleges that Plaintiffs lost money as the result of the alleged actions of Thomson Reuters. If this proves not to be the case, then Plaintiffs have not suffered an injury-in-fact sufficient to confer Article III standing.

Thomson Reuters reserves the right to assert additional affirmative defenses upon further investigation into the facts and allegations in the Complaint.

DATED: September 10, 2021            **PERKINS COIE LLP**

By: */s/ Susan D. Fahringer*
    Susan D. Fahringer, Bar No. 21567
    SFahringer@perkinscoie.com

Attorneys for Defendant
Thomson Reuters Corporation