1

2

3

4                    UNITED STATES DISTRICT COURT

5                 NORTHERN DISTRICT OF CALIFORNIA

6

7    CAT BROOKS, et al.,                    Case No.  21-cv-01418-EMC

8                    Plaintiffs,

9          v.                              **ORDER RE PARTIES' JOINT
                                           DISCOVERY LETTER BRIEF OF
10   THOMSON REUTERS CORPORATION,          MARCH 24, 2022**

11                   Defendant.            Docket No. 81

12

13

14         The parties raise a dispute over the procedure by which Defendant will comply with

15   Plaintiffs' discovery request for Defendant's data-licensing agreements for CLEAR with third

16   parties.  Defendant does not dispute the relevance of the requested documents, and agrees it will

17   produce at least some of the agreements.  However, Defendant notes that "over 80 agreements

18   include confidentiality restrictions. . . . Some require advance notice before disclosure of their

19   terms. . . Some (but not all) allow for production without notice following a court order."  Docket

20   No. 81 at 2.  Defendant proposes informing those third parties of Plaintiffs' request, waiting to see

21   if any of the third parties object, and then bringing any disputes that remain to the Court at a later

22   date.  *Id.* at 2-3.  Plaintiffs explain that its discovery request has now been pending for several

23   months, Defendant has failed to produce any agreements or notify third-parties of Plaintiffs'

24   request, and, thus, Plaintiffs seeks an order compelling Defendant to produce all data-licensing

25   agreements, notwithstanding the terms of the various confidentiality provisions.

26         The Court grants Plaintiffs' request.

27         Defendant agrees that, other than the presence of confidentiality provisions in some

28   agreements, the licensing agreements are relevant to Plaintiff's claims and are discoverable.

United States District Court
Northern District of California

1    Defendant also does not dispute the principle that "'[c]onfidentiality agreements do not bar

2    discovery, and a general interest in protecting confidentiality does not equate to privilege.'" *See*

3    *Valley Surgical Ctr. LLC. v. Cty. of Los Angeles*, No. CV1302265DDPAGRX, 2018 WL 2189458,

4    at *4 (C.D. Cal. May 11, 2018) (citation omitted); *id.* (collecting cases); *Seegert v. Rexall*

5    *Sundown, Inc.*, No. 17CV01243JAHJLB, 2019 WL 12044514, at *7 (S.D. Cal. Mar. 26, 2019)

6    ("[T]he Court finds persuasive case law holding that third-party confidentiality agreements, such

7    as those here, should not and do not necessarily preclude a party from producing otherwise

8    permissible discovery."); *Chevron Mining Inc. v. Skanska USA Civ. W. Rocky Mountain Dist.,*

9    *Inc.*, No. 19-CV-04144-LB, 2019 WL 11556844, at *1 (N.D. Cal. Sept. 13, 2019) ("[T]he fact that

10    [a third party] and Skanska might have decided amongst themselves to enter into a confidentiality

11    agreement does not bar the settlement from being discoverable under the Federal Rules of Civil

12    Procedure in a litigation where Skanska is a defendant.").  And, Defendant does not dispute that

13    confidential information produced in the course of discovery will be subject to the parties' agreed-

14    upon protective order, and the "protective order . . . will . . . protect [that] information." *In Re:*

15    *Vizio, Inc., Consumer Privacy Litig.*, No. 8:16-ML-02693, Dkt. 260 at 14 (C.D. Cal. Feb 5. 2018).

16    Thus, there is no legal basis to delay production of the licensing agreements at this time.

17        Defendant cites *Seegert* to propose that the Court provide third-parties an opportunity to move

18    for a protective order prior to Defendant's production.  2019 WL 12044514, *8.  But the court in

19    *Seegert* referred to the notification-and-objection procedure to which the parties agreed their protective

20    order; the court did not create a new process on its own accord in settling the discovery dispute. *Id.*

21    at *4-*8.  Defendant cites no similar notification-and-objection procedure in the protective order

22    agreed upon in this case.  Moreover, a third party is not without recourse in this case.  It may move

23    to intervene in this litigation to block the requested discovery, should it be so inclined.  *See, e.g.,*

24    *Chevron Mining Inc.,* 2019 WL 11556844, at *1.

25    ///

26    ///

27    ///

28    ///

Defendant is **ORDERED** to produce all relevant requested data-licensing agreements to Plaintiffs within 21 days of entry of this order.

This order disposes of Docket No. 81.

**IT IS SO ORDERED**.

Dated: March 25, 2022

_____
EDWARD M. CHEN
United States District Judge