Susan D. Fahringer, Bar No. 21567
SFahringer@perkinscoie.com
Nicola C. Menaldo, *pro hac vice*
NMenaldo@perkinscoie.com
Erin K. Earl, *pro hac vice*
EEarl@perkinscoie.com
Anna M. Thompson, *pro hac vice*
AnnaThompson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Attorneys for Defendant
Thomson Reuters Corporation

Gabriella Gallego, Bar No. 324226
GGallego@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Hayden M. Schottlaender, *pro hac vice*
HSchottlaender@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201-3347
Telephone: 214.965.7700
Facsimile: 214.965.7799

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CAT BROOKS and RASHEED SHABAZZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>THOMSON REUTERS CORPORATION,<br><br>Defendants. | Case No. 3:21-cv-01418-EMC<br><br>**DEFENDANT THOMSON REUTERS CORPORATION'S OPPOSITION TO PLAINTIFFS' RULE 16(B)(4) MOTION TO MODIFY CASE SCHEDULE**<br><br>Hon. Edward M. Chen |

Defendant Thomson Reuters Corporation ("Thomson Reuters") opposes Plaintiffs' Rule 16(b)(4) Motion to Modify Case Schedule ("Motion") for the reasons discussed below.

## I. INTRODUCTION

This case has been pending for almost two years. The original deadlines to amend the complaint and to move for class certification were set for July 18, 2022, which, as this Court observed more than a year ago, allowed "plenty of time." Transcript, Initial Case Management Conference at 8:20 (Aug. 17, 2021), ECF No. 63. Since that schedule was entered, Plaintiffs have requested, and Thomson Reuters has stipulated to, two extensions. Plaintiffs now seek a third: a 43-day extension of the deadline to amend the complaint, along with a 43-day extension of their deadline to file their motion for class certification (and a 60-day extension of time for their Reply). Plaintiffs also seek an order setting a briefing schedule for any *Daubert* motions that Plaintiffs might file with respect to Thomson Reuters' class certification rebuttal experts.

Plaintiffs' stated reasons for the extension—their desire to manage the obligations that three of their 12 lawyers have in other cases and their preferences regarding when they would like to work on potential *Daubert* motions—do not remotely justify a third extension that, two years into this litigation, could upend the case entirely. Plaintiffs have not established good cause to amend the existing case schedule and granting the relief Plaintiffs seek would be manifestly unfair and substantially prejudicial to Thomson Reuters. Plaintiffs' Motion should be denied.

## II. ARGUMENT

**A. The possibility that Plaintiffs might file *Daubert* motions to exclude Thomson Reuters' rebuttal experts does not justify upending the case schedule.**

Plaintiffs' ostensible reasons for a third extension of the deadlines to move for class certification and to amend the complaint do not justify the amendment they seek, and in fact make little sense. Plaintiffs argue that they would like to "evaluate" potential *Daubert* motions to exclude Thomson Reuters' *rebuttal* experts as they draft their motion for class certification. Mot. at 3. And because three of the dozen lawyers that have appeared for Plaintiffs in this case[1] are

---

[1] Eric Gibbs, Amanda Karl, Jeff Kosbie, Andre Mura, David Stein, Mark Troutman, Ezekiel Wald and Amy Zeman of Gibbs Law Group LLP; Jennifer Bennett and Neil Sawhney of Gupta Wessler PPC; Albert Fox Cahn of the Surveillance Technology Oversight Project; and

busy with other cases, Plaintiffs contend they will be "substantially prejudiced" if their requested extensions are not granted.[2] *Id.* But that excuse is not good cause. The (twice-extended) deadlines for expert discovery, amendment, and class certification in the current case schedule were initiated by Plaintiffs themselves,[3] and Plaintiffs have not established that they cannot reasonably be met. This is a complex class action involving multiple lawyers on each side. If busy schedules of a few lawyers could supply "good cause" for repeated case schedule amendments, this case could be delayed by either side indefinitely. And the solution to Plaintiffs' briefing conundrum is straightforward: if Plaintiffs' counsel are too busy to evaluate potential *Daubert* motions by November 9, the most efficient approach would be to wait to do so until after January 26, 2023, when Thomson Reuters will file its opposition to class certification and Plaintiffs can assess how Thomson Reuters presented its rebuttal expert reports.

To establish they have been diligent, Plaintiffs recite discovery that they have conducted in this case pursuant to the existing schedule. Mot. at 3. But it is precisely based on that work and the substantial discovery already undertaken that Plaintiffs should be able to abide by the November 9 deadline to seek to certify the class, especially when that deadline has already been extended twice. By November 9, Plaintiffs will have had fifteen months since discovery began in this case. That much time to move for class certification is generous in any case, but particularly here, where Plaintiffs have only *one* remaining claim for which they seek to certify a class.[4]

Fifteen months of discovery is also more than enough time for Plaintiffs to finally decide

---

Benjamin Elga of Justice Catalyst Law, Inc.

[2] To try to establish good cause for their amendment, Plaintiffs argue that three of their attorneys have "complex schedules over the next two months." Mot. at 3-4. In support, Plaintiffs' counsel Amy Zeman (who appeared in this case 6 weeks ago, ECF No. 108) and Andre Mura state that they have upcoming deadlines in one other matter. *Id.* Counsel Jennifer Bennett, who has not participated in any discovery conference, deposition, email exchange, or hearing to date, has "multiple significant briefing deadlines" this year. *Id.* at 4; *see* Fahringer Decl. ¶ 4.

[3] A table showing amendments to the deadlines to amend the complaint and to move for class certification is attached as **Exhibit A** to the Fahringer Decl.

[4] *See* Complaint at 21, ECF No. 1, Exhibit A (Prayer for Relief) (seeking class certification only for claims for violation of the common law right to publicity, for monetary relief under the UCL, and for unjust enrichment); *id.* ¶ 118 (UCL claim for injunctive relief seeks public injunctive relief only, "not on a class basis"); Order on Motion to Dismiss, ECF No. 54 (dismissing claims for common law right to publicity and for monetary relief under the UCL).

1  on the allegations and claims that will be asserted in the complaint and prosecuted in this case. In
2  support of their request for an extension of their deadline to amend the complaint, Plaintiffs' only
3  rationale is that "the operative complaint addresses only California procedural standards." *See*
4  Mot. at 5. But that minor amendment could easily be made before November 9. If Plaintiffs
5  instead intend to add new allegations, claims, or theories of relief, they have offered no
6  justification for permitting them more time to do so at this late stage of the case.

7  After more than a year of extensive discovery, the reality is that Plaintiffs' allegations
8  have not been borne out by the evidence.[5] Plaintiffs may be hoping that with more time they can
9  find a viable claim to assert in an amended complaint and some basis to certify a class. But
10 granting Plaintiffs even more time will not save their claims, and adopting the elaborate third
11 amended case schedule that Plaintiffs propose would substantially prejudice Thomson Reuters.

12 Similarly, Plaintiffs' preferences about when they "evaluate" potential *Daubert* motions
13 does not justify another amendment of the case schedule. There is no need to upend the carefully
14 negotiated (and twice-extended) case schedule deadlines for briefing on *Daubert* motions that
15 will not be heard until April 2023. Indeed, Thomson Reuters has told Plaintiffs it would agree to
16 almost any reasonable briefing schedule for potential *Daubert* motions, so long as it affords the
17 Court enough time to digest the parties' briefs before the April 20, 2023, hearing. Plaintiffs
18 refused to entertain those discussions unless Thomson Reuters also agreed to extend the deadlines
19 to amend the complaint and to move for class certification. As a result, the parties have not

---

[5] For example, although the Court had to accept Plaintiffs' allegations as true at the pleadings stage, CLEAR *does not* sell "compiled information to whomever is willing to pay for it." *Brooks v. Thomson Reuters Corp.*, No. 21-CV-01418-EMC, 2021 WL 3621837, at *9 (N.D. Cal. Aug. 16, 2021). As the Second Circuit Court of Appeals has noted, "CLEAR subscribers are principally government agencies and law enforcement entities" that use CLEAR "to help combat fraud and assist public agencies in criminal investigations," and "Thomson Reuters also screens potential subscribers before granting them access to CLEAR . . . and before a subscriber may enter an individual search request, she must verify that her search is for an approved purpose." *Kidd v. Thomson Reuters Corp.*, 925 F.3d 99, 101–02 (2d Cir. 2019) (affirming summary judgment for Thomson Reuters against claims brought under the Fair Credit Reporting Act); *see also Kidd v. Thomson Reuters Corp.*, 299 F. Supp. 3d 400, 407 (S.D.N.Y. 2017), *aff'd*, 925 F.3d 99 (2d Cir. 2019) ("Thomson Reuters takes affirmative steps—through both words and actions—at every stage of the customer acquisition, application, contracting, and support processes to ensure that subscribers are not using CLEAR for FCRA-regulated purposes.").

meaningfully conferred on an appropriate briefing schedule for *Daubert* motions. Declaration of Susan Fahringer ("Fahringer Decl.") ¶ 2, Ex. B. And the schedule proposed by Plaintiffs is not workable because it assumes that the deadlines for class certification briefing and to amend the complaint will be extended, but the Court should not grant that extension.

Accordingly, Thomson Reuters requests that the Court deny Plaintiffs' motion to amend the case schedule, order the parties to meet and confer on a schedule for briefing *Daubert* motions, and require that they submit a joint proposal for that briefing schedule by November 3, in advance of the status conference that is presently set for November 10, 2022. A proposed order to this effect is submitted herewith.

### B. Thomson Reuters would be substantially prejudiced if the Court were to enter the convoluted new case schedule that Plaintiffs seek.

A case schedule should not be amended if it would prejudice the nonmovant. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). That prejudice is easily shown here. *First*, deferring the deadline to amend the complaint would allow Plaintiffs to continue to present a moving target and seriously hamper Thomson Reuters' defense of the case. The November 9 deadline to amend the complaint—set to occur nearly *two years* after this case was filed—allows more than enough time for Plaintiffs to settle on the claims they would like to assert in this case and should not be extended. Introducing new allegations, or worse, a new claim or theory of relief at this late stage of the case could render obsolete months of discovery and delay Thomson Reuters' ability to dispose of this case short of trial, which would significantly increase already substantial costs and inefficiencies.

*Second,* the current case schedule (like the original and amended case schedules) carefully sequences case events and does important work to enable the efficient litigation of this case. Plaintiffs' proposed new schedule would upend that in several ways. For example, Plaintiffs' new amended schedule would move the hearing on class certification to occur *after* the close of discovery, which would prevent the parties from efficiently managing discovery and force briefing and merits expert disclosures to occur without the benefit of the Court's ruling on class certification (or, alternatively, force an inefficient hiatus of this case). *See* Fahringer Decl. Ex. A.

*Third,* Plaintiffs' proposal would unfairly add more time to *Plaintiffs'* briefing deadlines (an extra 60 days for Plaintiffs' Reply in support of their motion for class certification) than to Thomson Reuters' (extended by only 43 days).

### III.   CONCLUSION

The Could should modify the case schedule only if Plaintiffs establish "good cause" for an extension. Fed. R. Civ. P. 16(b)(4)). They have not done so here. The schedule Plaintiffs propose would accrue to the sole benefit of Plaintiffs, upend the carefully negotiated and long-established order of events in this case, and work substantial prejudice on Thomson Reuters. The Motion should be denied.

Dated:  October 11, 2022

**PERKINS COIE LLP**

By:  s/ *Susan D. Fahringer*
Susan D. Fahringer, Bar No. 21567
SFahringer@perkinscoie.com

Attorney for Defendants
Thomson Reuters Corporation