Susan D. Fahringer, Bar No. 21567
SFahringer@perkinscoie.com
Nicola C. Menaldo, *pro hac vice*
NMenaldo@perkinscoie.com
Erin K. Earl, *pro hac vice*
EEarl@perkinscoie.com
Anna M. Thompson, *pro hac vice*
AnnaThompson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Attorneys for Defendant
Thomson Reuters Corporation

Gabriella Gallego, Bar No. 324226
GGallego@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Hayden M. Schottlaender, *pro hac vice*
HSchottlaender@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201-3347
Telephone: 214.965.7700
Facsimile: 214.965.7799

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CAT BROOKS and RASHEED SHABAZZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOMSON REUTERS CORPORATION,<br><br>Defendant. | Case No. 3:21-cv-01418-EMC<br><br>**DEFENDANT THOMSON REUTERS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL CONFIDENTIAL INFORMATION**<br>**(CIV. L.R. 7-11 AND 79-5)**<br><br>Judge: Hon. Edward M. Chen |

1

## I.    ADMINISTRATIVE MOTION TO FILE UNDER SEAL

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Thomson Reuters Corporation ("Thomson Reuters") submits this administrative motion ("Sealing Motion") for leave to file under seal certain materials (hereinafter, the "Designated Materials") related to its opposition to Plaintiffs' Motion for Class Certification ("Opposition"). Dkt. 124-03.

This Sealing Motion and its exhibits are supported by the following Memorandum of Points and Authorities; the concurrently filed Declaration of Anna Mouw Thompson ("Thompson Sealing Decl."); the concurrently filed Declaration of Kevin Appold ("Appold Sealing Decl."); the Stipulated Protective Order (Dkt. 70) entered in this action; this Court's Order regarding Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 147); and all pleadings and papers on file.

## II.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    Legal Standard

There is a "strong presumption in favor of access" to court records, but "access to judicial records is not absolute." *Kamanaka v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The legal standard applicable to whether a document should be sealed depends on whether the document is attached to a dispositive motion or a non-dispositive motion. *See id.* at 1179-80. Documents attached to dispositive motions—like motions for summary judgment—may be sealed only when the proponent establishes "compelling reasons" for doing so. *Id.* at 1179. But documents attached to non-dispositive motions that relate to the merits only tangentially—like motions for class certification—may be sealed upon a lesser showing of good cause. *Id.* at 1180; *see also In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-02509-LHK, 2013 WL 163779, at *2 n.1 (N.D. Cal. Jan. 15, 2013) (noting that the "vast majority" of the courts within this district generally treat class certification motions as non-dispositive); *see also Ehret v. Uber Techs., Inc.*, No. 14-cv-00113-EMC, 2015 WL 12977024, at *1 (N.D. Cal. Dec. 2, 2015) (applying good cause standard

1  to seal documents attached to class certification motion).[1]

2        The lesser, good cause standard applies here because the Designated Materials are

3  attached to Thomson Reuters' Opposition to Plaintiffs' Motion for Class Certification. But even if

4  the higher, compelling reasons, standard applied, that standard is also met for the same reasons

5  discussed below and in the exhibits and declarations supporting this Sealing Motion.

6        What reasons are sufficient to justify sealing documents is generally "left to the sound

7  discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th

8  Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). Some

9  commonly accepted examples of sealable materials, however, are "trade secrets," *Kamakana*, 447

10  F.3d at 1179, and "business information that might harm a litigant's competitive standing,"

11  *Nixon*, 435 U.S. at 598. The Designated Materials that Thomson Reuters seeks to seal fall into

12  those categories, as well as others.

13  **B.    Good cause and compelling reasons exist to fully seal the documents in Exhibit 1.**

14        As further explained on a document-by-document basis in Exhibit 1, and as verified in the

15  Thompson and Appold Sealing Declarations submitted concurrently with this Motion, good cause

16  and compelling reasons exist to seal in their entirety the documents listed in Exhibit 1.

17        There are compelling reasons to seal some of the documents listed in Exhibit 1 because

18  they contain trade secrets. The Ninth Circuit has held that "[a] trade secret may consist of any

19  formula, pattern, device or compilation of information which is used in one's business, and which

20  gives him an opportunity to obtain an advantage over competitors who do not know or use it."

21  *Clark v. Bunker*, 453 F.2d 1006, 1009 (9th Cir. 1972) (quoting Restatement (First) of Torts § 757

22  cmt. b (Am. L. Inst. 1939)). A trade secret may "relate to the sale of goods or to other operations

23

24        [1] One possible exception to the majority approach of applying the lesser, good cause standard to materials attached to a class certification motion is when "a denial of class status means that the stakes are too low for the named plaintiffs to continue the matter." *In re High-Tech*
25  *Emp. Antitrust Litig.*, 2013 WL 163779, at *2 n.1 (noting exception but applying good cause standard); *see also Circle Click Media LLC v. Regus Mgmt. Grp. LLC*, No. 12-cv-04000-EMC,
26  2016 WL 8253802, at *1 (N.D. Cal. Mar. 14, 2016) (applying "compelling reasons" standard where "individual claims are expected to be less than $3,000 each" in this case). But that
27  exception does not apply here because Plaintiffs seek injunctive relief (even if class certification is denied) and do not merely seek nominal damages. *See, e.g.*, Am. Compl. ¶¶ 82, 92, 130.
28

1    in the business." *Id.* Some of the documents, if unsealed, would reveal lists of customers and

2    third-party business partners, which easily constitute trade secrets. *See, e.g.*, *Morlife, Inc. v.*

3    *Perry*, 56 Cal. App. 4th 1514, 1522 (1997) ("[A] customer list can be found to have economic

4    value because its disclosure would allow a competitor to direct its sales efforts to those customers

5    who have already shown a willingness to use a unique type of service or product as opposed to a

6    list of people who only might be interested."); *Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658-

7    LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("[T]his Court has found compelling

8    reasons to seal confidential information regarding a party's business partners where the disclosure

9    of that information would harm the party's competitive standing.").

10   Other materials listed in Exhibit 1 reveal either trade secrets or, at a minimum, "business

11   information that might harm [Thomson Reuters'] competitive standing." *Nixon*, 435 U.S. at 598.

12   This includes, for example, training materials that address the confidential processes that

13   Thomson Reuters has put in place to prevent misuse and ensure security of CLEAR, as well as

14   informational flyers of limited distribution that compile information about CLEAR features or

15   how CLEAR is positioned in the marketplace or how CLEAR compares to competing products.

16   *See, e.g.*, *Yan Mei Zheng v. Toyota Motor Corp.*, No. 17-cv-06591-BLF, 2019 WL 6841324, at *2

17   (N.D. Cal. Dec. 16, 2019) (granting motion to seal "Defendants' internal confidential training

18   materials"); *In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, 2018 WL 3092256,

19   at *2 (N.D. Cal. Mar. 16, 2018) (sealing "descriptions of cybersecurity practices and protocols" as

20   well as "funding levels" for cybersecurity for security reasons and because disclosure "could

21   allow Anthem's competitors to have an advantage over Anthem"); *Opperman v. Path, Inc.*, No.

22   13-cv-00453-JST, 2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017) (sealing "training

23   guidelines for app reviewers" that could "compromise Apple's review process if disclosed to the

24   public"); *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6389186, at *2 (N.D.

25   Cal. Feb. 24, 2020) (sealing "information reflecting strategic business decisions" because "this

26   information could cause competitive harm to Google by providing insight into Google's strategic

27   business and financial decisions, and the capabilities of Google's systems").

28   For these reasons and those further stated in Exhibit 1 and the supporting declarations,

1    good cause and compelling reasons exist to fully seal the documents in Exhibit 1.

2    **C.    Good cause and compelling reasons exist to partially seal (i.e., redact) the information in Exhibits 2 through 7.**

3

4    Unlike with the materials listed in Exhibit 1—where the entire document represents a

5    trade secret or a compilation of "business information that might harm a litigant's competitive

6    standing," *Nixon*, 435 U.S. at 598—it is possible and feasible to use redactions to address the

7    confidentiality concerns that arise with respect to the information identified in Exhibits 2

8    through 7. These proposed redactions target information such as the names of specific CLEAR

9    customers or their employees and/or search subjects; the number of CLEAR customers or the

10   proportions of certain types of CLEAR customers; detailed financial figures related to CLEAR's

11   revenue, profits, and costs; and the identities of third-party data licensors of data accessible

12   through CLEAR. Good cause and compelling reasons exist to seal this redacted information due

13   to competitive sensitivity, as further explained on a document-by-document basis in Exhibits 2

14   through 7, and as verified in the Thompson and Appold Sealing Declarations submitted

15   concurrently with this motion.

16   **D.    Certain documents are also designated as highly confidential by Plaintiffs.**

17   Pursuant to Local Rule 79-5(e), Thomson Reuters also requests that Exhibits A-9 through

18   A-12 to the Declaration of Susan Fahringer in Support of Defendant Thomson Reuters'

19   Opposition be sealed for the additional reason that they have been designated by Plaintiffs as

20   "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of the Parties'

21   Protective Order, and hereby notifies Plaintiffs of their burden to establish that the redacted

22   information is sealable if the Court does not otherwise seal these materials based on Thomson

23   Reuters' sealing request here and in Exhibit 1.

24                    **III.    CONCLUSION**

25   Thomson Reuters respectfully requests that the Court permit the filing of the Designated

26   Materials in Exhibits 1-7 under seal.

27

28

1

2

Dated: January 26, 2023

**Perkins Coie LLP**

3

By: _/s/ Susan D. Fahringer_

4

    Susan D. Fahringer
    SFahringer@perkinscoie.com

5

Attorneys for Defendant Thomson Reuters
Corporation

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

# EXHIBIT 1

**EXHIBIT 1**
**(re Declaration Exhibits - Entirely Sealed)**

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-9 | Individual Report Plus Associates for Cat Brooks<br><br>(entire document, bates numbered PLAINTIFFS_005653 - PLAINTIFFS_005661) | The Court has already found good cause and compelling reasons to seal similar CLEAR reports attached to the Mura Declaration. *See* Order Re Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, Dkt. 147 ("Order to Seal") at 7.<br><br>Reveals confidential, non-public information regarding the layout, categories of content, and design of reports generated through CLEAR, the names and contact information third parties not subject to this litigation, and information about named Plaintiff Cat Brooks.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶¶ 4, 5. It would also unnecessarily disclose information about named Plaintiff Cat Brooks and about third parties not subject to this litigation.<br><br>This document has also been designated as HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY by Plaintiffs. |
| Fahringer Decl. Ex. A-10 | Individual Report Plus Associates for Rasheed Shabazz<br><br>(entire document, bates numbered PLAINTIFFS_005538 - PLAINTIFFS_005547) | *Same as row above*<br>*(as to named Plaintiff Rasheed Shabazz)* |
| Fahringer Decl. Ex. A-11 | Risk Inform Report for Sheilagh Polk<br><br>(entire document, bates numbered PLAINTIFFS_011126- PLAINTIFFS_011253) | *Same as rows above*<br>*(as to named Plaintiff Cat Brooks)* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|--------------------|--------------------|
| Fahringer Decl. Ex. A-12 | Risk Inform Report for Sheilagh Polk<br><br>(entire document, bates numbered PLAINTIFFS_011275 - PLAINTIFFS_011312) | *Same as rows above*<br>*(as to named Plaintiff Cat Brooks)* |
| Appold Decl. Ex. B-1 | Internal employee handbook on the public records credentialing process.<br><br>(entire document, bates numbered TR-BROOKS301621 - TR-BROOKS301636) | Compiles and reveals confidential, nonpublic information about Thomson Reuters' training methods, and the processes that Thomson Reuters puts in place to prevent misuse and ensure security of CLEAR, which would be less effective in preventing misuse if not kept secret, and confidential information regarding specific business strategies.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶¶ 6, 7. |
| Appold Decl. Ex. B-2 | Internal spreadsheet of CLEAR customers<br><br>(entire document, bates numbered TR-BROOKS426763) | The Court has already found good cause and compelling reasons to seal a non-filtered version of this customer list, which was attached as Ex. 9 to the Mura Declaration, Dkt. 124-12, *see* Order to Seal, Dkt. 147 at 7. |
| Appold Decl. Ex. B-4 | CLEAR search log for Cat Brooks<br><br>(entire document, bates numbered TR-BROOKS425993) | Compiles and reveals confidential, non-public information regarding the identity of CLEAR customers; specific queries conducted by those customers in CLEAR; identifying information about third parties not subject to this litigation as well as named Plaintiff Cat Brooks; and confidential information regarding CLEAR technical processes, such as the names of internal databases.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶¶ 3, 8. It would also unnecessarily disclose information about third parties not subject to this litigation. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Appold Decl. Ex. B-5 | CLEAR search log for Rasheed Shabazz<br><br>(entire document, bates numbered TR-BROOKS425994) | *Same as row above*<br>*(as to Plaintiff Rasheed Shabazz)* |
| Appold Decl. Ex. B-6 | Account Validation and Certification (AVC) Form Westlaw and CLEAR (Corporate)<br><br>(entire document, bates numbered TR-BROOKS003092 - TR-BROOKS003095) | Prospective customer intake form of limited distribution which reveals details that are not widely known about the processes that Thomson Reuters has in place to prevent misuse and ensure security of CLEAR, and which would be less effective in preventing misuse if made publicly available.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶¶ 3, 6. |
| Appold Decl. Ex. B-7 | Account Validation and Certification (AVC) Form Westlaw and CLEAR (Government)<br><br>(entire document, bates numbered TR-BROOKS013911 - TR-BROOKS013913) | *Same as row above* |
| Appold Decl. Ex. B-8 | Internal Public Records Compliance 2020 Review<br><br>(entire document, bates numbered TR-BROOKS305113 - TR-BROOKS305117) | Compiles and reveals confidential, non-public information regarding the processes that Thomson Reuters puts in place to prevent misuse and ensure security of CLEAR, which would be less effective in preventing misuse if not kept secret, as well as confidential information regarding specific business strategies and financial information.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶¶ 3, 6. |
| Svonkin Decl. Ex. C-2 | CLEAR Case Study: CLEAR Helps Investigators Close Cases on Missing Children<br><br>(entire document, bates numbered TR-BROOKS054555 - TR-BROOKS054556) | CLEAR case study of limited distribution, which reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR in two different cases.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶¶ 2, 6. It |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|--------------------|----------------|
|         |                    | would also unnecessarily disclose information about a third party not subject to this litigation. |

# EXHIBIT 2

**EXHIBIT 2**
**(re Defendant Thomson Reuters's Opposition to Plaintiffs' Motion for Class Certification -**
**Partially Sealed with Redactions)**

| Cite | Portion(s) to Seal | Basis to Seal |
|------|--------------------|---------------|
| Opp. Brief (2:27-28) | FN 4 (after "*E.g.*," to the end of footnote 4) | Reveals information about the total number of CLEAR customers, which is not publicly known.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. |
| Opp. Brief (3:19-20) | FN 5 (after "*E.g.*," to the end of footnote 5) | *Same as row above* |
| Opp. Brief (3:20) | FN 6 (after "*E.g.*," to the end of footnote 6) | *Same as rows above* |
| Opp. Brief (3:21) | FN 7 (after "*E.g.*," to the end of footnote 7) | *Same as rows above* |
| Opp. Brief (3:22-23) | FN 8 (entire footnote) | *Same as rows above* |
| Opp. Brief (3:24) | FN 9 (after "The subscribers do not include (and have never included)" and before "notwithstanding Plaintiffs' unsupported statement to the contrary.") | Reveals the name of a third party that is *not* a CLEAR customer.<br><br>Public disclosure of this information would unnecessarily disclose the identity a third-party completely unrelated to this litigation. |
| Opp. Brief (4:18) | After "Of these, only" and before "generated a report.") | *Same as rows above* |
| Opp. Brief (4:20) | After "customers" and before "but those") | Reveals non-public details about how a particular CLEAR customer (who is not named, but who is described) used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation |

| Cite | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Opp. Brief (4:25) | FN 15 (beginning of footnote and before "*See* Fahringer Decl., Ex. A-2 at 213:4-214:16; Ex. A-3 at 239:11-240:12.") | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Opp. Brief (4:26) | FN 16 (beginning of footnote and before "(on July 7, 2021),") | *Same as rows above* |
| Opp. Brief (4:26) | FN 16 (after "(on July 7, 2021)," and before "(on Nov. 21, 2017), and") | *Same as rows above* |
| Opp. Brief (4:26) | FN 16 (after "(on Nov. 21, 2017), and" and before "(on Dec. 10, 2017).") | *Same as rows above* |
| Opp. Brief (4:26) | FN 16 (after "(on Dec. 10, 2017)." and before "search probably did not relate to") | *Same as rows above* |
| Opp. Brief (4:28) | FN 17 (beginning of footnote and before "on August 2, 2016.") | *Same as rows above* |

# EXHIBIT 3

**EXHIBIT 3**
**(re Appold Declaration - Partially Sealed with Redactions)**

| Cite | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Appold Decl. (5:8) | Declaration page 5, ¶ 13 (after "As of October 19, 2022, there were approximately" and before "active CLEAR") | Reveals non-public, confidential information regarding the number of CLEAR customers during a specific period of time.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2 |
| Appold Decl. (5:11) | Declaration page 5, ¶ 13 (after "While" and before "once applied to become a") | Reveals the name of a third party that is not a CLEAR customer.<br><br>Public disclosure of this information would unnecessarily disclose the identity a third-party completely unrelated to this litigation. |

# EXHIBIT 4

**EXHIBIT 4**
**(re Svonkin Declaration - Partially Sealed with Redactions)**

| Cite | Portion(s) to Seal | Basis to Seal |
|------|--------------------|----------------|
| Svonkin Decl. (5:14) | Declaration page 5, ¶ 14 section b (after "By pension funds, such as the" and before "to avoid pension fraud,") | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Svonkin Decl. (5:17-18) | Declaration page 5, ¶ 14 section c (after "By state agencies, such as" and before "to identify owners of properties in the course of investigating the need") | *Same as row above* |
| Svonkin Decl. (5:20) | Declaration page 5, ¶ 14 section d (after "By the" and before "Courts to issue collection notices") | *Same as rows above* |
| Svonkin Decl. (5:23-24) | Declaration page 5, ¶ 14 section e (after "By public defenders' offices throughout California (including" and before "County) to defend the accused.") | *Same as rows above* |
| Svonkin Decl. (5:25) | Declaration page 5, ¶ 14 section f (after "By the" and before "School District to verify student residency for") | *Same as rows above* |

# EXHIBIT 5

**EXHIBIT 5**
**(re Bambauer Rebuttal Expert Report - Partially Sealed with Redactions)**

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-1 | Report page 22, ¶ 3 (after "Indeed, as I describe in more detail below, named Plaintiff Cat Brooks may have benefited in exactly this way given that the" through end of paragraph 3) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, as well as nonpublic, confidential information related to CLEAR searches performed on named Plaintiff Cat Brooks.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about third parties not subject to this litigation. |
| Fahringer Decl. Ex. A-1 | Report page 27, ¶ 3 (after "For example, in Cat Brooks' case, Brooks was not able to identify any adverse impact on her from any search conducted using CLEAR [73]" through end of paragraph 3) | *Same as row above* |
| Fahringer Decl. Ex. A-1 | Report page 27, ¶ 4 (after "For example," and before "If either document—") | Reveals nonpublic, confidential information regarding specific records related to a CLEAR report on named Plaintiff Cat Brooks, including information about specific records provided by an identified third party who licenses data for access through CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶¶ 5, 6. It would also unnecessarily disclose information about named Plaintiff Cat Brooks and a third party not subject to this litigation. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-1 | Report page 27, ¶ 4 (after "If either document—" and before "—were the only source used by a decision-maker,") | Reveals non-public, confidential information regarding specific records related to a CLEAR report on named Plaintiff Cat Brooks, including information about specific records provided by an identified third party who licenses data for access through CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶¶ 5, 6. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-1 | Report page 27, ¶ 4 (after "A CLEAR client, however, would see" and before "(TR-BROOKS008262-63).") | *Same as row above* |
| Fahringer Decl. Ex. A-1 | Report page 27, ¶ 4 (after "With the whole set of records on CLEAR, the decision-maker would ignore" and before "and have more confidence that,") | *Same as rows above* |
| Fahringer Decl. Ex. A-1 | Report page 27, ¶ 4 (after "e.g., Cat Brooks is not trying to impersonate a much older or differently named individual." and before "create a more accurate picture than either one in isolation,") | *Same as rows above* |
| Fahringer Decl. Ex. A-1 | Report page 28, ¶ 1 (after "They may discover a rape conviction of somebody named" and before "and become concerned that they cannot rule out,") | Reveals the name of a third party not subject to this litigation who was convicted of rape. Although this information is already publicly available through a Google search, including the redacted information in this filing could unnecessarily surface information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-1 | Report page 28, ¶ 1 (after "Users of CLEAR, on the other hand, will not even encounter the records for" and before (TR-BROOKS008719-8740; Video, TR-BROOKS010275).") | *Same as the row above* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-1 | Report page 29, ¶ 4 (after "Thomson Reuters declined over" and before "in potential contracts during the year") | Reveals non-public, confidential information about the value of potential contracts that Thomson Reuters declined due to credentialing and compliance procedures.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. |
| Fahringer Decl. Ex. A-1 | Report page 29, ¶ 4 (after "This represents a significant portion of potential new business—over" and before "of potential contracts—that were declined") | Reveals non-public, confidential information about proportion of potential contracts that Thomson Reuters declined due to credentialing and compliance procedures.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. |
| Fahringer Decl. Ex. A-1 | Report page 30, ¶ 5 (after "(Fox Dep. at 176). The" and before "and some states' Departments of Motor Vehicles have conducted such audits.") | Reveals non-public, confidential information regarding a specific third party who licenses data for access through CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 6. |

# EXHIBIT 6

**EXHIBIT 6**
**(re Kivetz Rebuttal Expert Report - Partially Sealed with Redactions)**

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-14 | Report page 85, FN 286 (after "TR-BROOKS046643" and before "who is a federal criminal investigator") | Reveals the name of an employee of a CLEAR customer, who submitted to Thomson Reuters an explanation about how they used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 85, FN 286 (after "By only having an image with latitude and longitude coordinates," and before "and her colleagues used CLEAR") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 85, FN 286 (after "the subject and other family members." and before "also used CLEAR to locate the minor.") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 85, FN 287 (after "Using CLEAR's associate analytics" and before "identified that the fugitive's brother had a new address") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 85, FN 287 (after "With this information," and before "and his team was able to locate the fugitive") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 86, ¶ 137 (after "For example, child and family services organizations such as the" and before "have used information from the platform") | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-14 | Report page 86, ¶ 137 (after "Similarly, the" and before "has used CLEAR to find the most current address of children") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 86, FN 291 (after "As the Criminal Investigator for the" and before "I was asked to review and work on a March 25, 1969 Homicide cold case.") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 88, ¶ 141 (after "Knowing only his friend's last name and hometown, the military member contacted the" and before "which then used CLEAR to locate the friend.") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 88, ¶ 141 (after "According to the" and before "agent who handled this case,") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 91, FN 312 (entire footnote) | Compiles and reveals non-public, confidential information about compliance procedures, including information about the number and types of requests, investigations, and reviews handled by the credentialing team over a specific period of time.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 3. |
| Fahringer Decl. Ex. A-14 | Report page 92, ¶ 149 (after "the audit team declined over" and before "in contract revenues based on the results of their proactive reviews.") | Reveals non-public, confidential information about the value of potential contracts that Thomson Reuters declined due to credentialing and compliance procedures.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. |
| Fahringer Decl. Ex. A-14 | Report page 92, FN 320 (after "Though we have declined" and before "in contracts we believe that is a small price to pay") | *Same as row above* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|-------------------|---------------|
| Fahringer Decl. Ex. A-14 | Report page 93, ¶ 151 (after "Those data fields associated with" and before "are encrypted by Thomson Reuters with its own key.") | Reveals non-public, confidential information regarding Thomson Reuters security process, which if disclosed would make such processes less effective. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 3. |
| Fahringer Decl. Ex. A-14 | Report page 99, ¶ 165 (after "these net profits dating back to December 2017, which shows total net profits of approximately" and before "million as of the end of 2021.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR "net profits" attributable to California. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-14 | Report page 100, ¶ 167 (after "Instead, Mr. Lloyd arrives at a "total net profits" figure of" and before "million") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 101, ¶ 167 continued from previous page (top of page before "of U.S. CLEAR revenues") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR revenues attributable to California. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-14 | Report page 101, ¶ 167 continued from previous page (after "and that" and before "of CLEAR searches relate to individuals;") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR searches related to individuals. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-14 | Report page 101, ¶ 167 continued from previous page (after "using" and before "(ostensibly based on various discovery documents)") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of the costs of CLEAR. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|--------------------|--------------| 
| Fahringer Decl. Ex. A-14 | Report page 101, ¶ 167 continued from previous page (after "by the supposed" and before "profit margin") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR profits.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-14 | Report page 101, ¶ 167 continued from previous page (after "100% minus the") and before ""marginal cost" estimate") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of the costs of CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-14 | Report page 101, ¶ 167 continued from previous page (after "which adds up to") and before "million.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR "net profits" attributable to California.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-14 | Report page 154, Exhibit D Table: re: Document: TR-BROOKS055871 within cell under column titled: CLEAR Customer all data/information (after "*See, e.g.,*" to end of cell) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 155, Exhibit D Table: re: Document: TR-BROOKS041734 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 155, Exhibit D Table: re: Document: TR-BROOKS041734 within cell under column titled: Description/Outcome (after "Unfortunately," and before "was found | Reveals the name of a third-party not subject to this litigation related to a specific customer's use of CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| | deceased in her SUV after I received a tip at my office.") | would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 155, Exhibit D Table: re: Document: TR-BROOKS041734 within cell under column titled: Description/Outcome (after "At this time we do not know how" and before "died as it is now a police investigation.") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 155, Exhibit D Table: re: Document: TR-BROOKS041734 within cell under column titled: Description/Outcome (after "those people that I called knew that we were actively looking for" and before "and these calls may have assisted in locating her.") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 155, Exhibit D Table: re: Document: TR-BROOKS044782 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 156, Exhibit D Table: re: Document: TR-BROOKS046630 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 156, Exhibit D Table: re: Document: TR-BROOKS046630 within cell under column titled: Use Case (after "Skip tracing" and before "was given the task to locate a truck that belonged to the company she worked for.") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| | | information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 156, Exhibit D Table: re: Document: TR-BROOKS046630 within cell under column titled: Description/Outcome (after "Later," and before "uncovered the man was working at a tax return and credit repair business") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 156, Exhibit D Table: re: Document: TR-BROOKS046630 within cell under column titled: Description/Outcome (after "These were all direct violations of this federal supervision." and before "contacted his probation officer") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 157, Exhibit D Table: re: Document: TR-BROOKS046630 continued from previous page within cell under column titled: Use Case (after "With further research," and before "found that the individual transferred") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 157, Exhibit D Table: re: Document: TR-BROOKS046632 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 158, Exhibit D Table: re: Document: TR-BROOKS046634 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|--------------------|---------------|
| Fahringer Decl. Ex. A-14 | Report page 158, Exhibit D Table: re: Document: TR-BROOKS046634 within cell under column titled: Use Case (after "Skip tracing" and before "was suspicious about a client's payment of minimal amounts and income reported from rental properties.") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 158, Exhibit D Table: re: Document: TR-BROOKS046634 within cell under column titled: Use Case (after "Year after year" and before "and his colleagues were unable to determine why the client was receiving rental income without actually owning a property") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 158, Exhibit D Table: re: Document: TR-BROOKS046634 within cell under column titled: Use Case (after "By using CLEAR," and before "was able to run a report that revealed the client had previously owned these properties") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 158, Exhibit D Table: re: Document: TR-BROOKS046636 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 159, Exhibit D Table: re: Document: TR-BROOKS046639 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|-------------------|---------------|
| Fahringer Decl. Ex. A-14 | Report page 159, Exhibit D Table: re: Document: TR-BROOKS046639 within cell under column titled: Use Case (after "Skip tracing" and before "is a criminal defense investigator") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 159, Exhibit D Table re: Document: TR-BROOKS046639 within cell under column titled: Use Case (after "a wrongfully convicted man." and before "used the reverse phone look-up search to locate") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 159, Exhibit D Table: re: Document: TR-BROOKS046640 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 159, Exhibit D Table: re: Document: TR-BROOKS046641 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 159, Exhibit D Table: re: Document: TR-BROOKS046641 within cell under column titled: Use Case (after "Law enforcement" and before "were alerted to a missing person") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 159, Exhibit D Table: re: Document: TR-BROOKS046642 within | *Same as rows above* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| | cell under column titled: CLEAR Customer (all data/information) | |
| Fahringer Decl. Ex. A-14 | Report page 159, Exhibit D Table: re: Document: TR-BROOKS046642 within cell under column titled: Use Case (after "The" and before "was faced with a live explosive") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 160, Exhibit D Table: re: Document: TR-BROOKS046643 within cell under column titled: CLEAR Customer (all data/information) | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 160, Exhibit D Table: re: Document: TR-BROOKS046643 within cell under column titled: Use Case (after "Child and family services" and before "who is a federal criminal investigator") | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 160, Exhibit D Table: re: Document: TR-BROOKS046643 within cell under column titled: Use Case (after "By only having an image with latitude and longitude coordinates," and before "and her colleagues used CLEAR to geo-locate") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 160, Exhibit D Table: re: Document: TR-BROOKS046643 within cell under column titled: Use Case (after "to identify the subject and other family members." and before "also used CLEAR to locate the minor.") | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 160, Exhibit D Table: re: Document: TR-BROOKS046645 within cell under column titled: CLEAR Customer | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| | (all data/information) | and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 160, Exhibit D Table: re: Document: TR-BROOKS046645 within cell under column titled: Use Case (after "Tax fraud prevention" and before "works in the") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 160, Exhibit D Table: re: Document: TR-BROOKS046645 within cell under column titled: Use Case (after "works in the" and before "She was looking for a man who was marked deceased") | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 160, Exhibit D Table: re: Document: TR-BROOKS046647 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 160, Exhibit D Table: re: Document: TR-BROOKS046647 within cell under column titled: Use Case (after "Child and family services" and before "was assigned to an investigation involving an abduction of an 11 month old child.") | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| | | would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 161, Exhibit D Table: re: Document: TR-BROOKS046649 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 161, Exhibit D Table: re: Document: TR-BROOKS046652 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 161, Exhibit D Table: re: Document: TR-BROOKS046652 within cell under column titled: Description/Outcome (after "Using CLEAR's associate analytics" and before "identified that the fugitive's brother") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 161, Exhibit D Table: re: Document: TR-BROOKS046652 within cell under column titled: Description/Outcome (after "With this information," and before "and his team was able to locate the fugitive") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 162, Exhibit D Table: re: Document: TR-BROOKS046654 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| | | Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 162, Exhibit D Table: re: Document: TR-BROOKS046654 within cell under column titled: Use Case (after "The" and before "needed to track down veterans who were owed money") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 162, Exhibit D Table: re: Document: TR-BROOKS046655 within cell under column titled: CLEAR Customer (all data/information) | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049564 within cell under column titled: CLEAR Customer (all data/information) | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049564 within cell under column titled: Use Case (after "Child and family services" and before "is a detective with the") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049564 within cell under column titled: Use Case (after "is a detective with the" and before "and he is responsible for cases involving sexually abused children.") | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049564 within cell under column titled: Description/Outcome (after "With just a possible first and last name, and the town the girls lived in," and before "turned to CLEAR to help find their abuser.") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049564 within cell under column titled: Description/Outcome (after "turned to CLEAR to help find their abuser." and before "was able to find three names and addresses that could be the potential suspect.") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049566 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049886 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049886 within cell under column titled: Description/Outcome (beginning of cell before "works for the") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|--------------------|--------------|
| | | information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049886 within cell under column titled: Description/Outcome (after "works for the" and before "where he leverages CLEAR") | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR. <br><br> Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049889 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 163, Exhibit D Table: re: Document: TR-BROOKS049889 within cell under column titled: Description/Outcome (after "CLEAR helps" and before "and her team locate those caretakers") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR. <br><br> Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 164, Exhibit D Table: re: Document: TR-BROOKS049907 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR. <br><br> Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 164, Exhibit D Table: re: Document: TR-BROOKS049907 within | Reveals the name of an employee of a specific CLEAR customer, and non-public |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| | cell under column titled: Use Case (after "Skip tracing" and before "works for the") | details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 164, Exhibit D Table: re: Document: TR-BROOKS049907 within cell under column titled: Use Case (after "works for the" and before "and utilizes CLEAR to find missing people.") | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 164, Exhibit D Table: re: Document: TR-BROOKS049907 within cell under column titled: Description/Outcome (after "During the holiday season, the" and before "receives many inquiries about missing individuals.") | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 164, Exhibit D Table: re: Document: TR-BROOKS060413 within cell under column titled: CLEAR Customer (all data/information) | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 165, Exhibit D Table: re: Document: TR-BROOKS060414 within cell under column titled: CLEAR Customer (all data/information) | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 165, Exhibit D Table: re: Document: TR-BROOKS060416 within cell under column titled: CLEAR Customer (all data/information) | *Same as rows above* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-14 | Report page 165, Exhibit D Table: re: Document: TR-BROOKS060418 within cell under column titled: CLEAR Customer (all data/information) | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 166, Exhibit D Table: re: Document: TR-BROOKS060426 within cell under column titled: CLEAR Customer (all data/information) | *Same as rows above* |
| Fahringer Decl. Ex. A-14 | Report page 166, Exhibit D Table: re: Document: TR-BROOKS060426 within cell under column titled: Description/Outcome (after "Because of" and before "the daughter was able to attend the funeral") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 166, Exhibit D Table: re: Document: TR-BROOKS060428 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 166, Exhibit D Table: re: Document: TR-BROOKS060431 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 166, Exhibit D Table: re: Document: TR-BROOKS060431 within cell under column titled: Description/Outcome (after "Because of the information stored in the product," and | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| | before "was able to get an indictment on this individual.") | would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 167, Exhibit D Table: re: Document: TR-BROOKS061525 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR. <br><br> Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 167, Exhibit D Table: re: Document: TR-BROOKS064293 within cell under column titled: CLEAR Customer (all data/information) | *Same as row above* |
| Fahringer Decl. Ex. A-14 | Report page 167, Exhibit D Table: re: Document: TR-BROOKS064293 within cell under column titled: Use Case (after "robbed from the buyer at semi-automatic gun point." and before "and her team had descriptions of the robbers") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR. <br><br> Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 168, Exhibit D Table: re: Document: TR-BROOKS102900 within cell under column titled: CLEAR Customer (all data/information) | Reveals the identity of a CLEAR customer, which in most cases are not publicly known, and non-public details about how that customer used CLEAR. <br><br> Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-14 | Report page 168, Exhibit D Table: re: Document: TR-BROOKS102900 within cell under column titled: Use Case (after "Law enforcement" and before "conducted a fraud investigation") | Reveals the name of an employee of a specific CLEAR customer, and non-public details about how that customer used CLEAR. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. It would also unnecessarily disclose information about a third party not subject to this litigation. |
| Fahringer Decl. Ex. A-14 | Report page 168, Exhibit D Table: re: Document: TR-BROOKS102900 within cell under column titled: Description/Outcome (after "These addresses led" and before "to identify two suspects,") | *Same as row above* |

# EXHIBIT 7

**EXHIBIT 7**
**(re Kidder Rebuttal Expert Report - Partially Sealed with Redactions)**

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-17 | Report page 2, Table of Contents (after "6.3.1.3 Mr. Lloyd's" and before "Cost Estimate Does Not Include All Attributable Costs") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of the costs of CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 5, ¶ 13 (after "He attributes" and before "of Thomson Reuters' "net profits" to California based on") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR "net profits" attributable to California.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 9, ¶ 21 (entire first sentence, before cite to footnote 11) | Reveals non-public information about the CLEAR customer base, specifically, the proportion of revenue attributable to government versus corporate, legal, and other customers.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 2. |
| Fahringer Decl. Ex. A-17 | Report page 9, ¶ 21 (entire Table after "The top ten customers of CLEAR are shown in the table below along with their revenue from December 2020 to February 2021:" to the end of paragraph 21) | Reveals non-public information about the revenue earned through CLEAR and the identities of CLEAR customers, which in most cases are not publicly known.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶¶ 2, 8. It would also unnecessarily disclose information about third parties not subject to this litigation. |
| Fahringer Decl. Ex. A-17 | Report page 9, ¶ 22 (after "Between 2017 and 2021, the percent of revenue from subscription plans was between" and before "and") | Reveals non-public information about the revenue earned through CLEAR, specifically, the proportion of revenue from subscription customers. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|-------------------|---------------|
| | | Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 8. |
| Fahringer Decl. Ex. A-17 | Report page 9, ¶ 22 (after "and" before "with the remaining revenue described as "transactional.") | *Same as row above* |
| Fahringer Decl. Ex. A-17 | Report page 17, ¶ 49 (after "dating back to December 2017, which shows total net profits of approximately" and before "as of the end of 2021.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR specific financial figures attributable to California.

Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 18, ¶ 51 (all data/information contained in the right-hand column of Table 2: Lloyd Calculations) | *Same as row above* |
| Fahringer Decl. Ex. A-17 | Report page 19, ¶ 52 (after "Mr. Lloyd's critical estimate that" and before "of CLEAR's U.S. revenue is attributable to California is calculated as the average of two other figures:") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 19, ¶ 52 (after "California's share of U.S. economic activity at" and before "California's arrest rate at") | While based on publicly available information, in context, this information reveals non-public about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR revenues attributable to California.

Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 19, ¶ 52 (after "California's arrest rate at" to end of bullet point/ paragraph 52) | *Same as row above* |
| Fahringer Decl. Ex. A-17 | Report page 21, ¶ 61 (after "In fact, the profit and loss statements provided by Thomson Reuters indicate that royalties – which I understand relate to costs to acquire data – accounted for | Reveals non-public information about Thomson Reuters' expenses for CLEAR.

Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 8. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|-------------------|---------------|
| | approximately" and before "of the direct expenses and") | |
| Fahringer Decl. Ex. A-17 | Report page 21, ¶ 61 (after "of the direct expenses and" and before "of total expenses for CLEAR in 2020 and 2021.") | *Same as row above* |
| Fahringer Decl. Ex. A-17 | Report page 21, ¶ 61 (after "Thus" and before "to") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 21, ¶ 61 (after "to" and before "of Thomson Reuters' expenses for providing CLEAR are directed to functionality other than acquiring the data that includes information about California residents.") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 21, ¶ 65 (after "First, and most notably, his" and before "profit margin is neither incremental nor gross profits and is inflated.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR profits. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 21, ¶ 65 (after "Second, Mr. Lloyd's allocation of" and before "of CLEAR's revenue to California is unreliable and based on an ad hoc methodology that contains a calculation error.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR revenue attributable to California. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 21, FN 53 (after "Royalties for 2020 and 2021 of" and before "respectively out of") | Reveals non-public information about Thomson Reuters' expenses for CLEAR. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 8. |
| Fahringer Decl. Ex. A-17 | Report page 21, FN 53 (after "respectively out of" and before "direct expenses and") | *Same as row above* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-17 | Report page 21, FN 53 (after "direct expenses and" and before "of total expenses.") | *Same as row above* |
| Fahringer Decl. Ex. A-17 | Report page 22, ¶ 65 continued from previous page (after "Lloyd's estimate that" and before "of revenues are attributable to individuals as opposed to businesses") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR revenues attributable to individuals.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 22, ¶ 66 (after "Mr. Lloyd's estimated incremental profit margin of" and before "is flawed for at least three reasons.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR profits.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 28, Section header title between ¶¶ 81-82 (after "6.3.1.3 Mr. Lloyd's" and before "Cost Estimate Does Not Include All Attributable Costs") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of the costs of CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 28, ¶ 82 (after "Mr. Lloyd justifies using a" and before "profit margin for CLEAR on the basis that the only incremental costs that should be considered are transactional royalty costs:") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR profits.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 29, ¶ 82 continued from previous page (after "Various documents produced in discovery reflect that Thomson Reuters's transactional royalty costs are consistently at or below" and before "of the corresponding revenues.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of the costs of CLEAR.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-17 | Report page 29, ¶ 82 continued from previous page (after "For that reason, my calculations use the" and before "figure as a reasonable estimate of the relevant marginal costs") | *Same as row above* |
| Fahringer Decl. Ex. A-17 | Report page 29, ¶ 83 (after "As a starting point, it is worth noting that Mr. Lloyd's" and before "figure is based on two documents – an email exchange and an Excel document") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 29, ¶ 83 (after "neither of which explain what the" and before "actually represents or how it should be used,") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 29, ¶ 83 (after "Mr. Lloyd understands the veracity of, or the basis for the" and before "figures in these two documents.") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 29, ¶ 85 (after "Mr. Lloyd assumes that" and before "of Thomson Reuters' revenue is tied to data on Californians.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of the CLEAR revenues attributable to California. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 29, ¶ 87 (after "Mr. Lloyd's estimated profit margin of" and before "does not give credit to Thomson Reuters for any costs") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR profits. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 30, ¶ 90 (after "For example, in his deposition, Mr. Lloyd was shown two agreements under which Thomson Reuters agreed to purchase data from the" to end of sentence, before cite to footnote 76) | Reveals the identities of third-party licensors of records accessible through CLEAR, which in most cases are not publicly known. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 11. It |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---------|-------------------|---------------|
| | | would also unnecessarily disclose information about third parties not subject to this litigation. |
| Fahringer Decl. Ex. A-17 | Report page 30, FN 77 (after "My question is: Does your" and before "figure account for the cost savings of terminating a recurring data licensing agreement.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of the costs of CLEAR. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 31, ¶ 91 (after "In summary, Mr. Lloyd's calculation of a" and before "profit margin on sales is the unreliable result of an *ad hoc* and unsound methodology.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR profits. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 32, ¶ 98 (after "I note that California also has a higher arrest rate" and before "than its share of the U.S. population") | While based on publicly available information, in context, this information reveals confidential information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR revenues attributable to California. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 32, ¶ 98 (after "than its share of the U.S. population" to end of sentence, before cite to footnote 84) | *Same as row above* |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "Furthermore, Mr. Lloyd appears to have made a math error when calculating his" and before "figure.") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of the CLEAR revenues attributable to California. Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "Mr. Lloyd's representation that the FBI arrest data indicates that California accounted for" | While based on publicly available information, in context, this information reveals confidential information about |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| | and before "of arrests in 2018 is not supported by the data.") | Plaintiffs' expert's inaccurate and misleading estimation of CLEAR revenues attributable to California.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "The data purportedly used by Mr. Lloyd reports" and before "arrests in California out of a total of") | *Same as row above* |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "arrests in California out of a total of" and before "arrests in the U.S. for a percentage of arrests in California of") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "arrests in the U.S. for a percentage of arrests in California of" to end of sentence, before cite to footnote 87) | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "Yet even this" and before "overstates the true percentage because the FBI arrest data states that it is incomplete.") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "Thus, the actual percentage is somewhat lower than" and before "and Mr. Lloyd's") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "and Mr. Lloyd's" and before "is unsupported and inflated. ") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "Furthermore, if" and before "arrests are made each year in the U.S., then that means that") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "arrests are made each year in the U.S., then that means that" and before "or") | *Same as row above* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "or" and before "of Americans were arrested in 2018.") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 33, ¶ 103 (after "Extrapolating the percent of revenues for CLEAR attributable to Californians based on the" and before "of the U.S. population that was arrested is not representative and is not reliable.") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 34, ¶ 104 (after "Mr. Lloyd's selection of California's share of GDP at" and before "is based on 2021.") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 34, ¶ 104 (after "In 2020, his own data shows that the share was" to end of sentence, before cite to footnote 90) | *Same as row above* |
| Fahringer Decl. Ex. A-17 | Report page 34, ¶ 106 (after "In summary, Mr. Lloyd's allocation of" and before "of CLEAR revenues to the state of California is *ad hoc*,") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of the CLEAR revenues attributable to California.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 34, ¶ 107 (after "He categorizes" and before "of revenue as being derived from searches related to individuals on the basis of an analysis of search types") | Reveals non-public information about Plaintiffs' expert's inaccurate and misleading estimation of CLEAR revenues attributable to individuals.<br><br>Public disclosure would harm Thomson Reuters. *See* Appold Sealing Dec. ¶ 10. |
| Fahringer Decl. Ex. A-17 | Report page 34, ¶ 107 (after "the data indicates that approximately" and before "of all CLEAR searches relate to individuals.") | *Same as row above* |

| Ex. No. | Portion(s) to Seal | Basis to Seal |
|---|---|---|
| Fahringer Decl. Ex. A-17 | Report page 34, ¶ 108 (after "– it is both. The" and before "calculation relied upon by Mr. Lloyd categorizes all searches described as "Phone Search" as being a search for a person.") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 35, FN 96 (after "And is it possible that you took your" and before "figure from these Zeke calculations?") | *Same as rows above* |
| Fahringer Decl. Ex. A-17 | Report page 35, FN 96 (after "It's possible that I directed him using the data to perform some calculations, but yes, this appears to be the source of the" to the end of footnote 96) | *Same as rows above* |