Susan D. Fahringer, Bar No. 21567
SFahringer@perkinscoie.com
Nicola C. Menaldo, *pro hac vice*
NMenaldo@perkinscoie.com
Erin K. Earl, *pro hac vice*
EEarl@perkinscoie.com
Anna M. Thompson, *pro hac vice*
AnnaThompson@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000
Attorneys for Defendant
Thomson Reuters Corporation

Gabriella Gallego, Bar No. 324226
GGallego@perkinscoie.com
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: 650.838.4300
Facsimile: 650.838.4350

Hayden M. Schottlaender, *pro hac vice*
HSchottlaender@perkinscoie.com
PERKINS COIE LLP
500 N. Akard Street, Suite 3300
Dallas, TX 75201-3347
Telephone: 214.965.7700
Facsimile: 214.965.7799

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAT BROOKS and RASHEED SHABAZZ, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOMSON REUTERS CORPORATION,<br><br>Defendant. | Case No. 3:21-cv-01418-EMC<br><br>**DEFENDANT THOMSON REUTERS' STATEMENT IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED (DOC. 158)**<br><br>Judge: Hon. Edward M. Chen |

1   Thomson Reuters submits this Statement pursuant to Civil Local Rules 7-11 and 79-5 and in response to Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed ("Motion") (Doc. 158). Through this Statement, Thomson Reuters seeks an order to file under seal a subset of the materials originally designated in Plaintiffs' Motion. This Statement is supported by the Declaration of Dr. Ran Kivetz ("Kivetz Decl."), filed concurrently.

## LEGAL STANDARD

There is a "strong presumption in favor of access" to court records, but "access to judicial records is not absolute." *Kamanaka v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The legal standard applicable to whether a document should be sealed depends on whether the document is attached to a dispositive motion or a non-dispositive motion. *See id.* at 1179-80. Documents attached to dispositive motions—like motions for summary judgment—may be sealed only when the proponent establishes "compelling reasons" for doing so. *Id.* But documents attached to non-dispositive motions that relate to the merits only tangentially—like motions to exclude expert testimony consistent with *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)—may be sealed upon a lesser showing of good cause. *See, e.g.*, *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (applying compelling reasons standard to materials attached to summary judgment motion and "the lower good cause standard for those documents related to the parties' *Daubert* motions"). What reasons are sufficient to justify sealing documents is generally "left to the sound discretion of the trial court." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The lesser, good cause standard applies here because the information at issue relates to Plaintiffs' Omnibus Motion to Exclude Defendant's Expert Opinions on Class Certification (Doc. 158-3). But even if the higher, compelling reasons, standard applied, that standard is also met for the same reasons discussed below and in the Kivetz Declaration.

**ARGUMENT**

Thomson Reuters does not seek to seal any information provisionally filed under seal by Plaintiffs *except* for the information described in Table 1 below. The redactions proposed in Table 1 are narrowly tailored to target information about the personal finances of one of the experts retained by Thomson Reuters to provide an opinion in this action: Dr. Ran Kivetz.

This personal financial information is not publicly known, and Dr. Kivetz would be harmed by its public disclosure. The resultant harm would be financial, including because Dr. Kivetz's current and future sources of income might make decisions based on the totality of his income. The public disclosure of his private finances could also significantly impact his professional opportunities with respect to present and future employment, engagement, and promotion decisions. There may also be social repercussions from the public disclosure of Dr. Kivetz's personal finances to his friends, family, colleagues, and community. Finally, the information is misleading, particularly because it is offered without important context. *See* Kivetz Decl. ¶ 3. Good cause and compelling reasons thus exist to seal this information by applying the redactions described in Table 1 below. *See, e.g.*, *In re Boston Herald, Inc.*, 321 F.3d 174, 190 (1st Cir. 2003) (upholding the sealing of documents containing income of a party as "[p]ersonal financial information, such as one's income or bank account balance, is universally presumed to be private, not public"); *Brown v. Brown*, No. CV 13-03318 SI, 2013 WL 12400041, at *1 (N.D. Cal. Dec. 30, 2013) (sealing "information about defendant's and plaintiff's salary, stock options, bonuses, consulting fees, severance, and equity interests in privately held companies" and other "information about the profits, losses, income, investments, and expenses that derive from financial statements and ledgers of two privately held companies co-funded by defendant and plaintiff"); *Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *4 (N.D. Cal. Nov. 1, 2007) (finding a request to seal personal financial information by a nonparty met the "good cause" standard given his non-party privacy interest).

**Table 1**

| Cite | Portion(s) to Seal |
|---|---|
| Dkt. 158-3<br>Pls. Brief (9:27) | FN 5: After "But while a lucrative practice (generating)" and before "of dollars a year)," |
| Dkt. 158-4<br>Mura Decl. Ex. 1 | Kivetz Dep. at 27:16-28:5 |
| Dkt. 158-4<br>Mura Decl. Ex. 1 | Kivetz Dep. at 40:5-23 |
| Dkt. 158-4<br>Mura Decl. Ex. 1 | Kivetz Dep. at 41:18-20 |

## CONCLUSION

For the reasons discussed above and in the Declaration of Dr. Ran Kivetz supporting this Statement, Thomson Reuters respectfully asks the Court to issue an order authorizing the Designated Materials described in Table 1 above to remain under seal.

Dated:  February 10, 2023                                **PERKINS COIE LLP**

By: */s/ Anna Mouw Thompson*
　　Anna Mouw Thompson
　　AnnaThompson@perkinscoie.com

Attorneys for Defendant Thomson Reuters Corporation