1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CAT BROOKS, et al.,

                 Plaintiffs,

      v.

THOMSON REUTERS CORPORATION, et al.,

             Defendant.

Case No.  21-cv-01418-EMC

**ORDER RE SUPPLEMENTAL BRIEFING AND/OR EVIDENCE**

Docket No. 241

The Court has reviewed the motion for preliminary approval and hereby orders the parties to file a joint supplemental brief (including any supporting evidence) addressing the issues identified below.  If a party does not have a comment to make on a given issue, it may so state. The supplemental brief shall be filed by September 23, 2024.

A.    <u>Size of the Class</u>

The parties indicate that the size of the class is estimated to be about 40 million people. However, in a declaration submitted by Plaintiffs' counsel, counsel states that the "closest approximation is likely to be orders of magnitude larger than the actual class size."  Co-Lead Counsel Decl. ¶ 5.  Do the parties have any more concrete information as to how much smaller the actual class size may be – *e.g.*, it is likely closer to 20 million?  30 million?

B.    <u>Net Settlement Fund and Average Award</u>

The gross settlement fund is $27.5 million.  *See* Sett. Agmt. § IX.1.  To get to the amount of the net settlement fund, deductions must be made for attorneys' fees, expenses, service awards, and settlement administration costs.  *See* Sett. Agmt. § I.27.  Based on the papers, the deductions are as follows:

United States District Court
Northern District of California

- $9,075,000 for attorneys' fees.

- $700,000 for expenses.

- $469,000 (estimated) for settlement administration costs.

- $10,000 for service awards ($5,000 for each Plaintiff).

Thus, it appears that the net settlement fund will be approximately $17,246,000.  Is this correct?

What is the number of expected claimants on the net settlement fund?  The Court understands that the claims rate is estimated to be 1-2.5%, *see* Mot. at 26, but as noted above, the class size seems to be somewhat vague.

Do the parties have any views on the anticipated average award per claimant?  (The Court understands that this will turn on the number of claimants.)

C.    Injunctive Relief

The settlement agreement provides that the injunctive relief is limited to four years.  Is there a reason for this time limitation?  If so, what is it?

D.    Monetary Relief

The settlement agreement provides that each claiming class member will "receive a pro-rata share of the net settlement fund." Mot. at 13; *see also* Sett. Agmt. § X.1.  Is there any indication that a notable number of class members may have unique or atypical damages?  If so, is the expectation that such a class member(s) would exercise their right to opt out?

E.    Attorneys' Fees and Expenses

The settlement agreement provides that attorney fees of $9.075 million (33% of the gross settlement fund) and expenses up to $700,000 may be requested.  The Court recognizes that Plaintiffs intend to file a motion for fees and expenses should preliminary approval be granted.  However, as part of the Court's assessment at preliminary approval, it needs more information about fees and expenses.

- What is Plaintiffs' counsel's estimated lodestar and how much of a multiplier will be sought?  Counsel should also provide information about hourly rates and hours incurred – the total number of hours and a breakdown of how much time was spent on each major litigation task.

- Under the percentage method approach to fees, is it common for a percentage of 33% to be awarded where the gross settlement fund is tens of millions of dollars as here (even if not a megafund per se)?  *Cf. Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) (in appendix, suggesting that a megafund could be in the range of $50 million).  In this regard, the Court notes that attorneys' fees were limited to 25% in the analogous cases cited by Plaintiffs in Exhibit 2 to the Co-Lead Counsel Declaration.  *See* Co-Lead Counsel Decl., Ex. 2 (citing cases where gross settlement funds were $23 million and $13 million respectively).

- As for costs, what is a rough breakdown of the costs incurred?  Does the primary source of costs come from experts?

- The motion for preliminary approval indicates that the attorneys' fees (and expenses) will be paid shortly after approval (*i.e.*, there will be a "quick pay").  *See* Sett. Agmt. § XIII.2 (providing that fees and expenses will be paid within 7 days).  Should the Court hold back at least a portion of the fees so that it can assess what the actual claims rate is?

F.     Settlement Administration Costs

Settlement administration costs are estimated to be $469,000.  *See* Mot. at 36; Weisbrot Decl. ¶ 56.  Can the parties explain the reason for this high amount of costs?  Such information may be submitted under seal.  *See* Weisbrot Decl. ¶ 56 (stating that "[t]he pricing details comprising the administration cost estimate are competitively sensitive" but that "Angeion will provide its itemized estimate to the Court" if requested).

G.     Means of Notice

The Court has several follow-up questions regarding the means of notice.

- The means of notice is largely digital in nature.  Should there be some kind of publication notice as well in recognition that all class members may not use computers or use them in such a way that they would be exposed to the proposed media campaign?  *Cf.* Weisbrot Decl. ¶ 29 (testifying that "members of the Target Audience" for programmatic display advertising "are heavy internet users,

United States District Court
Northern District of California

1    spending an average of 30.1 hours per week on the internet").

2    • The class is defined as those who lived in California during a set period of time.

3        Can the parties provide more information as to how people who moved away from

4        California will get notice if the target audience is primarily California residents?

5    • A settlement website will be maintained, with copies of the long-form notice

6        available in English and Spanish.  *See* Mot. at 4.  Should the notice be available in

7        other languages given the diverse population in California?

8    H.    Filing of Claim

9        The settlement agreement provides that, if a class member submits both a claim form and

10   opt out, the opt out will be deemed invalid and the class member will be considered a claimant.

11   *See* Sett. Agmt. § VII.3.  Why should the presumption not run the other way?  *Compare* Sett.

12   Agmt. § VIII.8 (providing that, if a class member both objects and opts out, the class member will

13   be deemed to have opted out).  Could the settlement administrator contact class members to clear

14   up any conflicts?

15   I.    Language of Class Notice

16       1.    Weisbrot Decl., Ex. B – Long-Form Class Notice

17   • Page 1.  In the second box, can a statement be made about an average award (*i.e.*,

18       more than just "You may be entitled to money")?

19   • Page 3.  The first section "Why did I get this notice" should reiterate that monetary

20       relief is available.  As above, can a statement be made about an average award?

21   • Page 3.  For the section "What do I do next," the "Object" option should make

22       clear that: (1) a person who objects still remains in the class and (2) a person who

23       objects must still submit a claim form if they want to partake in the monetary relief.

24   • Page 5.  In the section "What happens next in this lawsuit," the following sentence

25       should be bolded: "The date of the hearing may change without further notice to

26       members of the class."

27   • Page 5.  In the section "What does the settlement provide," there should be an

28       introductory sentencing making clear that both injunctive relief and monetary relief

4

are available.  In addition, the maximum dollar amount for attorneys' fees should be expressly stated.  Finally, as above, can a statement be made about an average award?

- Page 6.  In the section "How much will my payment be," can a statement be made about an average award?

- Page 6.  In the section "How do I weigh my options," there should be a statement making clear that (1) a person who objects still remains in the class and (2) a person who objects must still submit a claim form if they want to partake in the monetary relief.  The flow chart should also be corrected to reflect such.

- Page 8.  In the section "Do I have to pay the lawyers in this lawsuit," the dollar amount of expenses should be expressly stated.

- Page 9.  In the section "What if I don't want to be part of this settlement," there should be a clarification that opt outs can also be made online.

- Page 9.  In the section "What if I disagree with the settlement," there should be a statement making clear that (1) a person who objects still remains in the class and (2) a person who objects must still submit a claim form if they want to partake in the monetary relief.

- Pages 7, 9.  In the sections "How do I get a payment if I am a class member," "What if I don't want to be part of this settlement," and "What if I disagree with the settlement," there should be clear statements as to *when* claims must be submitted, requests for exclusion made, and objections filed.  Also, how many days are class members given to respond to the notice?  *See* Prop. Order ¶ 6 (stating that the Response Deadline shall be 56 days from issuance of the order); Prop. Order ¶ 15 (stating that dissemination of notice shall begin within 7 days of the issuance of the order).

2. <u>Weisbrot Decl., Ex. C – Claim Form</u>

- Is there a reason why the claim form requires a claimant to provide their exact address in California where they lived?  Can there simply be the attestation (at the

United States District Court
Northern District of California

bottom of the form) that they lived in California during the relevant period?

3. <u>Weisbrot Decl., Ex. D – Exclusion Form</u>

- Should there be a note reminding class members who opt out that they can also submit the request for exclusion online?

4. <u>Weisbrot Decl., Ex. E – Sample Digital Ads</u>

- Sample digital ads have been provided.  Can the ads be modified so that they say more than just "a class action settlement may affect your rights"?  In particular, the ads should reflect that monetary relief is available – and ideally, an estimate of an average award.

J.  <u>Proposed Order</u>

- ¶ 7.  Does the reference to a class of "approximately 40 million individuals" need to be modified or tempered?
- ¶ 27.  Can specific dates be provided to the Court for deadlines?
- Do any provisions in the Proposed Order need to be modified given the Court's statements above?

**IT IS SO ORDERED**.

Dated: September 16, 2024

_____

EDWARD M. CHEN
United States District Judge