**UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAT BROOKS and RASHEED SHABAZZ, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br> v.<br><br>THOMSON REUTERS CORPORATION,<br><br>      Defendant. | Case No. 3:21-cv-01418-EMC-KAW<br><br>[PROPOSED] **ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Edward M. Chen |

This matter is before the Court on Plaintiffs' motion for preliminary approval of the proposed class action settlement. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendants have entered into a Settlement Agreement and Release that, if approved, would settle this litigation.

Having considered the motion, any response and reply, the parties' joint supplemental brief, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, IT IS HEREBY ORDERED as follows:

1.    Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2.    The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## PRELIMINARY APPROVAL

3.    The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of former United States District Judge Layn Phillips. The Court further observes that the Settlement Agreement is the product of almost four years of litigation, including a motion to dismiss, contested class certification, a motion for interlocutory appeal, several discovery motions, and the completion of fact discovery, with substantial expert discovery already completed. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class; do not exhibit any signs of collusion, explicit or subtle; and fall within the range of possible approval as fair, reasonable, and adequate, and thus likely to gain final approval.

4.    The Court therefore GRANTS preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

1

## **PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**

5.      Pursuant to Federal Rule of Civil Procedure 23, the Court preliminarily certifies, for settlement purposes only, the Settlement Class defined as follows:

> All persons who, during the Class Period, both resided in the state of California and whose information Thomson Reuters made available for sale through CLEAR.[1]

6.      The Class Period is defined by the Settlement as December 3, 2016 through the date that is 36 days before the Response Deadline for class members to submit claims for monetary relief, opt-out of the settlement, or comment on the settlement. Because the Court sets the Response Deadline as December 6, 2024 (56 days from this Order), the Class Period is thus December 3, 2016 through October 31, 2024.

7.      The Court preliminarily finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of approximately 40 million individuals, there are questions of law or fact common to the Settlement Class; the Settlement Class Representatives' claims are typical of those of Settlement Class Members; and the Settlement Class Representatives and their counsel will fairly and adequately protect the interests of the Settlement Class.

8.      The Court also preliminarily finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3): the questions of law or fact common to the Settlement Class predominate over individual questions, class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy, and defendants have acted or refused to act on grounds that apply generally to the Settlement Class, such that injunctive relief is appropriate respecting the Settlement Class as a whole. The Court has previously discussed why class certification is appropriate in this case (ECF No. 222); the Court's analysis in that order applies in relevant part to certification of the Settlement Class.

---

[1] Excluded from the Class are: officers and directors of Thomson Reuters, Class Counsel, Judge Edward M. Chen, and any members of Judge Chen's immediate family and judicial staff.

[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 3:21-cv-01418-EMC-KAW

9. The Court hereby appoints as Class Representatives: Cat Brooks and Rasheed Shabazz.

10. The Court hereby appoints as Class Counsel: Andre M. Mura of Gibbs Law Group LLP, and Geoffrey Graber of Cohen Milstein Sellers & Toll PLLC.

11. If for any reason this Court does not finally approve the Settlement Agreement, or if the Date of Finality as defined in the Agreement does not occur, the conditional certification of the Settlement Class shall be deemed null and void without further action by this Court or any of the Parties. In such circumstances each Party shall retain all of its respective currently existing rights to appeal the grant of class certification in this litigation or in any other litigation on any other grounds.

12. Other than to effectuate and enforce the Settlement of this Action, the certification of the Settlement Class for settlement purposes and all documents related thereto, including the Settlement Agreement and all accompanying exhibits and all orders entered by the Court in connection with the Settlement Agreement, shall not be otherwise admissible as evidence in this Action, and are not intended to be used in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum or other proceeding.

## NOTICE & ADMINISTRATION

13. Pursuant to the Settlement Agreement, the Parties have designated Angeion Group, LLC as the Settlement Administrator. The Settlement Administrator shall perform all the duties of the Settlement Administrator set forth in the Settlement Agreement.

14. The Court finds that the Notice and Notice Plan set forth in the Settlement Agreement and the Declaration of Steven Weisbrot of Angeion Group, LLC, which includes a digital advertising campaign, targeted social media advertisements, publication notice in *USA Today*, and a public website in both English and Spanish (with long-form notice available in other languages as well), satisfy the requirements of due process and Federal Rule of Civil Procedure 23 and provide the best notice practicable under the circumstances. The Notice and Notice Plan are reasonably calculated to apprise the Settlement Class Members of the Nature of this litigation, the scope of the Settlement Class, the terms of the Settlement Agreement, the

3

right of Settlement Class Members to object to the Settlement Agreement or exclude themselves from the Settlement Class and the process for doing so, and of the Final Approval Hearing. The Court therefore approves the Notice and Notice Plan, appoints Angeion Group, LLC ("Settlement Administrator") to serve as the Settlement Administrator, and directs the Parties and the Settlement Administrator to proceed with providing notice to Settlement Class Members pursuant to the terms of the Settlement Agreement and this Order.

15. Under the terms of the Settlement Agreement, the Settlement Administrator shall begin disseminating the Notice and implement the Notice Plan within seven days of this Order.

16. The Court also approves the Claim Form.

17. The Settlement Administrator is authorized to establish the Settlement Fund under 26 C.F.R. §§ 1.468B-1(d)(1) for federal tax purposes. The Settlement Fund shall be a court-approved Qualified Settlement Fund ("QSF") for federal tax purposes pursuant to Treas. Reg. § 1.468B-1. Thomson Reuters and Thomson Reuters Enterprise Centre GmbH ("Thomson Reuters") shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d)(1) of the Treasury Regulations with respect to the Settlement Fund. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(1)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Thomson Reuters shall provide to the Settlement Administrator any documentation reasonably requested by the Settlement Administrator that is required to obtain QSF status for the Settlement Fund pursuant to Treas. Reg. § 1.468B-1. All taxes on income or interest generated by the Settlement Fund, if any, shall be paid out of the Settlement Fund.

## EXCLUSION & OBJECTIONS

18. Settlement Class Members who wish to opt-out and exclude themselves from the Settlement Class may do so by notifying the Settlement Administrator by mail in writing or online at the settlement website, received no later than 56 calendar days after this Order

4

(December 6, 2024). Class Members may not exclude themselves by telephone or by email. If a Class Member submits a Claim Form and a Request for Exclusion, the settlement administrator will attempt to contact the Class Member to clarify their intent. If the settlement administrator is able to reach the Class Member, the Class Member's expressed intent will control which of the Claim Form or Request for Exclusion are operative as to that Class Member. If the settlement administrator is unable to contact the Class Member, the Request for Exclusion will be deemed invalid and the Class Member will be deemed a participating Class Member and receive a pro-rata share of the monetary distribution.

19.    To be valid, each Request for Exclusion must:

a. Include the Class Member's full name and mailing address, telephone number, and / or email address;

b. Swear that the Class Member resided in California for any period of time between December 3, 2016 and October 31, 2024 (36 days before the Response Deadline);

c. Include the statement "I wish to exclude myself from the Settlement Class and do not wish to participate in the settlement in *Brooks v. Thomson Reuters Corp.*, No. 3:21-cv-01418, or substantially similar clear and unambiguous language;

d. Include the Class Member's handwritten or electronically imaged written (e.g., "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient. Exclusion letters must be signed by the Class Member personally, and not a lawyer or anyone else acting on their behalf. "Mass" or "class" opt-outs made on behalf of multiple persons or classes of persons will be deemed invalid.

20.    All Settlement Class Members who do not opt out and exclude themselves shall be bound by the terms of the Settlement Agreement upon entry of the Final Approval Order and Judgment.

21.    Settlement Class Members who wish to object to the Settlement may do so by submitting a written objection to the Court within 56 calendar days of this Order, in accordance with the procedures outlined in the Notice. Any Settlement Class Member wishing to comment on or object to the Settlement Agreement may do so by mailing a written objection to the Court that is received within 56 calendar days of this Order, or by filing a comment or objection on the docket in this Action within 56 calendar days of this Order.

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 3:21-cv-01418-EMC-KAW

22.     The written objection must contain the following:

a.  The name and case number of this lawsuit, *Brooks v. Thomson Reuters Corp.*, No. 3:21-cv-01418;

b.  The objector's/commenter's full name, mailing address, and email address or telephone number;

c.  An explanation of why the commenter or objector believes he or she or they are a Settlement Class Member;

d.  As to an objection, a statement whether the objection applies only to the objector, or to a specific subset of the Settlement Class, or to the entire Settlement Class;

e.  All reasons for the objection or comment, stated with specificity;

f.  A statement identifying the number of class action settlements the objector has objected to or commented on in the last five years;

g.  Whether the objector or commenter intends to personally appear and/or testify at the Final Fairness and Approval Hearing;

h.  The name and contact information of any and all attorneys representing, advising, or assisting the commenter or objector, including any attorney who may be entitled to compensation for any reason related to the objection or comment;

i.  For each attorney representing, advising, or assisting the objector, a statement identifying every objection the attorney has filed to any other class action settlements in the last five years;

j.  Whether any attorney will appear on the objector's or commenter's behalf at the Final Fairness and Approval Hearing, and if so the name and law firm of that attorney;

k.  Copies of any exhibits the objector intends to submit into evidence at the Final Fairness and Approval Hearing;

l.  The identity of any persons whom the objector or any attorney appearing on the objector's behalf wishes to call to testify at the Final Fairness and Approval Hearing; and

m.  The objector's handwritten or electronically imaged written (e.g. "DocuSign") signature. An attorney's signature, or a typed signature, is not sufficient.

23.     Any Settlement Class Member who does not timely submit a written objection in accordance with these procedures and the procedures detailed in the Notice and Settlement Agreement shall be deemed to have waived any objection, shall not be permitted to object to

6

the Settlement, and shall be precluded from seeking any review of the Settlement Agreement and/or the Final Approval Order and Judgment by appeal or other means.

**FINAL APPROVAL HEARING & SCHEDULE**

24.    The Court will hold a Final Approval Hearing on February 13, 2025, at 1:30 p.m. in Courtroom 5, 17th Floor of the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, San Francisco California 94102.

25.    At the Final Approval Hearing, the Court will consider whether: (a) the Settlement is fair, reasonable, and adequate; (b) the Settlement Class should be finally certified; (c) a final judgment should be entered; (d) Class Counsel's motion for attorneys' fees and costs should be granted; and (e) the Service Payments sought for Settlement Class Representatives should be awarded.

26.    The Court reserves the right to continue the date of the Final Approval hearing without further notice to Settlement Class Members other than notice on the Court's docket.

27.    The Parties shall adhere to the following schedule unless otherwise directed by the Court:

| Event | Date |
| --- | --- |
| Notice Begins | October 18, 2024 |
| Deadline for Class Counsel to File Motion for Attorneys' Fees and Costs | October 25, 2024, which is 42 days before deadline to claim, object, or opt out |
| Notice of Class Action Settlement Completed Per Notice Plan | November 22, 2024 |
| Response Deadline for Class Members to Submit Claims for Monetary Relief, Opt-Out of the Settlement, or Object | December 6, 2024 (49 days after notice begins) |
| Responses to Objections Due | December 20, 2024 |
| Deadline for Class Counsel to File Motion for Final Approval | January 9, 2024 |
| Fairness Hearing | February 13, 2025 |

7

[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 3:21-cv-01418-EMC-KAW

28.     All Settlement Class Members who do not validly opt out and exclude themselves are hereby enjoined from pursuing or prosecuting any of the Released Claims as set forth in the Settlement Agreement until further order of the Court.

29.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (a) the Settlement Agreement and this Order shall become void, shall have no further force or effect, and shall not be used in any Action or any other proceedings for any purpose other than as may be necessary to enforce the terms of the Settlement Agreement that survive termination.

For the reasons discussed above, the Court GRANTS Plaintiffs' motion for preliminary approval.

**IT IS SO ORDERED.**

DATED: October 11, 2024

_____
The Hon. Edward M. Chen
United States District Judge

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL
Case No. 3:21-cv-01418-EMC-KAW