**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| CAT BROOKS and RASHEED SHABAZZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　　v.<br><br>THOMSON REUTERS CORPORATION,<br><br>　　　　　　　　　　Defendant. | Case No. 3:21-cv-01418-EMC-KAW<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge: Hon. Edward M. Chen |

This matter is before the Court on Plaintiffs' motion for final approval of the proposed class action settlement. Plaintiffs, individually and on behalf of the proposed settlement class, and Defendants have entered into a Settlement Agreement and Release that, if approved, would finally settle this litigation.

On August 26, 2024, Plaintiffs entered into a settlement with Thomson Reuters Corporation and Thomson Reuters Enterprise Centre GmbH for $27.5 million plus injunctive relief, which the Court preliminarily approved on October 11, 2024. ECF No. 259. In approving the motion for preliminary approval, the Court found the proposed Class Notice program to be sufficient under Rule 23. *Id.* at ¶ 14.

The Court has considered the motions, declarations, any response and reply, the parties' joint supplemental brief in support of preliminary approval, the parties' joint status report on settlement administration, the Settlement Agreement together with all exhibits and attachments thereto, the entire record in this matter, and the briefs and arguments of counsel. Based on the entire record of these proceedings to date, and good cause appearing therefor, IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over this litigation, Plaintiffs, Defendant, and Settlement Class Members, and any party to any agreement that is part of or related to the Settlement Agreement.

## FINAL APPROVAL

3. The Court has reviewed the terms of the proposed Settlement Agreement, the exhibits and attachments thereto, Plaintiffs' motion papers and briefs, and the declarations of counsel. Based on its review of these papers, the Court finds that the Settlement Agreement appears to be the result of serious, informed, non-collusive negotiations conducted with the assistance of former United States District Judge Layn Phillips. The Court further observes that the Settlement Agreement is the product of almost four years of litigation, including a motion to dismiss, contested class certification, a motion for interlocutory appeal, several discovery

motions, and the completion of fact discovery, with substantial expert discovery already completed. The terms of the Settlement Agreement do not improperly grant preferential treatment to any individual or segment of the Settlement Class; do not exhibit any signs of collusion, explicit or subtle; and fall within the range of possible approval as fair, reasonable, and adequate, and in the best interests of the Settlement Class pursuant to Federal Rule of Civil Procedure 23. The Court directs the Settlement's consummation according to its terms. In reaching this conclusion, the Court has considered all of the factors regarding final approval as set forth by courts within the Ninth Circuit. *See McLeod v. Bank of Am., N.A.*, 2019 WL 1170487, at *3 (N.D. Cal. Mar. 13, 2019); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig.*, 895 F.3d 597 (9th Cir. 2018); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946–47 (9th Cir. 2011). Moreover, the Court concludes as follows:

    a. The Settlement was negotiated by counsel with significant experience litigating complex class actions and is the result of vigorous arms' length negotiations undertaken in good faith;

    b. This action is likely to involve many contested and serious questions of law and fact, such that the value of immediate monetary recovery outweighs the uncertain possibility of future relief after protracted and expensive litigation; and

    c. Co-Lead Counsel's judgment that the Settlement is fair and reasonable, and the Class Members' sufficiently positive reaction to the Settlement, are entitled to great weight.

4. This Action is subject to the requirements of the Class Action Fairness Act of 2005 ("CAFA") which requires that, within ten days of the filing of a proposed settlement, each defendant serve a notice containing certain required information upon the appropriate state and federal officials. 28 U.S.C. § 1715(b). CAFA also prohibits a court from granting final approval until 90 days have elapsed since notice was served under Section 1715(b). *Id.* § 1715(d). The Settlement Administrator mailed the CAFA notices over 90 days ago. Weisbrot Decl., ¶ 5.

5.     The Court therefore GRANTS final approval of the Settlement Agreement and all of the terms and conditions contained therein.

**<u>FINAL CERTIFICATION OF SETTLEMENT CLASS</u>**

6.     Pursuant to Federal Rule of Civil Procedure 23, the Court certifies, for settlement purposes only, the Settlement Class defined as follows:

> All persons who, during the Class Period, both resided in the state of California and whose information Thomson Reuters made available for sale through CLEAR.[1]

7.     The Class Period is defined by the Settlement as December 3, 2016 through the date that is 36 days before the Response Deadline for class members to submit claims for monetary relief, opt-out of the settlement, or comment on the settlement. Because the Court set the Response Deadline as December 6, 2024 in its Order Granting Preliminary Approval, the Class Period is thus December 3, 2016 through October 31, 2024.

8.     The Court finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a): the Settlement Class is comprised of approximately 40 million individuals, there are questions of law or fact common to the Settlement Class; the Settlement Class Representatives' claims are typical of those of Settlement Class Members; and the Settlement Class Representatives and their counsel will fairly and adequately protect the interests of the Settlement Class.

9.     The Court also finds, for settlement purposes only, that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3): the questions of law or fact common to the Settlement Class predominate over individual questions, class action litigation is superior to other available methods for the fair and efficient adjudication of this controversy, and defendants have acted or refused to act on grounds that apply generally to the Settlement Class, such that injunctive relief is appropriate respecting the Settlement Class as a whole. The Court has previously discussed why class certification is appropriate in this

---

[1] Excluded from the Class are: officers and directors of Thomson Reuters, Class Counsel, Judge Edward M. Chen, and any members of Judge Chen's immediate family and judicial staff.

case (ECF Nos. 222, 259); the Court's analysis in those orders applies in relevant part to final certification of the Settlement Class.

10. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Cat Brooks and Rasheed Shabazz are appointed to serve as Class Representatives on behalf of the Settlement Class, and that Andre M. Mura of Gibbs Law Group LLP, and Geoffrey Graber of Cohen Milstein Sellers & Toll PLLC, are appointed as Settlement Class Counsel.

11. Other than to effectuate and enforce the Settlement of this Action, the certification of the Settlement Class for settlement purposes and all documents related thereto, including the Settlement Agreement and all accompanying exhibits and all orders entered by the Court in connection with the Settlement Agreement, shall not be otherwise admissible as evidence in this Action, and are not intended to be used in any judicial, arbitral, administrative, investigative, or other court, tribunal, forum or other proceeding.

## **NOTICE & ADMINISTRATION**

12. Plaintiffs implemented the Court-approved Notice Plan. *See* ECF No. 259. Plaintiffs' notice of the Settlement to the Settlement Class constitutes reasonable and the best notice practicable under the circumstances. The notice was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, the right to object to or exclude themselves from the proposed Settlement, and the right to appear at the Final Fairness and Approval Hearing, scheduled for February 13, 2025 at 1:30 p.m. Further, the Notice Plan constituted due, adequate, and sufficient notice to all persons entitled to receive notice, and satisfied due process and provided adequate information to the Settlement Class of all matters relating to the Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1) and any other applicable state and/or federal laws.

13. The persons requesting exclusion from the Settlement Class are listed in Exhibit M to the Declaration of Steven Weisbrot in Support of Plaintiffs' Motion for Final Approval. Such persons and entities will not be entitled to any recovery of the settlement proceeds

obtained through this Settlement. For all other members of the Settlement Class, the Court approves the payments provided for in the Settlement Agreement.

14. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over:

    a. Implementation of the Settlement and any distribution to members of the Settlement Class pursuant to further orders of this Court;

    b. Disposition of the Settlement Funds;

    c. All matters relating to the interpretation, administration, implementation, and enforcement of the Settlement Agreement;

    d. This Action until Final Judgment hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement;

    e. Hearing and ruling on any matters relating to the plan of allocation of settlement proceeds; and

    f. All parties to the Action and Releasing Parties, for the purpose of enforcing and administering the Settlement and the mutual releases and other documents contemplated by, or executed in connection with the Agreement.

15. The Court hereby immediately dismisses with prejudice all individual and class claims asserted in the Action and rules that no costs or fees be assessed on any Party beyond the attorneys' fees and expenses provided for herein, in the Court's Order granting attorneys' fees, costs, and service awards, and in the Final Judgment. Plaintiffs and each of the Participating Settlement Class Members are hereby and forever barred from commencing or continuing any action, cause of action or claim including, without limitation, by way of third-party claim, cross-claim or counterclaim, against any of the Thomson Reuters Released Parties in respect of any of the Released Claims as defined in the Settlement Agreement.

16. Thomson Reuters Corporation is hereby and forever barred from commencing or continuing any action, cause of action or claim including, without limitation, by way of third-

party claim, cross-claim or counterclaim, against Plaintiffs Cat Brooks and Rasheed Shabazz in respect of any of the Defendant's Released Claims.

17. Upon entry of this Order, Plaintiffs and each of the Participating Settlement Class Members shall be deemed to have released the Thomson Reuters Released Parties from any and all Released Claims; and Defendant shall be deemed to have released Plaintiffs Cat Brooks and Rasheed Shabazz from Defendant's Released Claims, as set forth in the Settlement Agreement.

18. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that a Final Judgment of Dismissal with prejudice as to Thomson Reuters ("Judgment") shall be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as Final Judgment, in accordance with the Settlement Agreement. The Parties shall submit for the Court's approval and entry a proposed Final Judgment of Dismissal with Prejudice as to Thomson Reuters.

19. Except as to any individual claim of those Persons who have validly and timely requested exclusion from the Class, all Released Parties and Releasors are bound by this Order, the Final Judgment, and by the Settlement Agreement, including the release provisions and covenants not to sue.

20. Upon entry of this Order, the Releasors: (a) shall be deemed to have hereby fully and irrevocably waived, released, relinquished, and discharged all Released Claims against the Released Parties, regardless of whether such Releasors executes and delivers a proof of claim; (b) shall be forever enjoined from prosecuting in any forum any Released Claim against any of the Released Parties; and (c) agree and covenant not to sue any of the Released Parties on the basis of any Released Claims or to assist any third party in commencing or maintaining any suit against any Released Party related in any way to any Released Claims.

21. This Order shall not affect, in any way, the right of the Plaintiffs or Class Members to pursue claims, if any, outside the scope of the Released Claims.

**Settlement Administration Expenses**

22. Based on Plaintiffs motion and supporting declarations, the Court finds that the Settlement Administrator incurred reasonable, adequately documented costs in connection with notice and settlement administration, and hereby GRANTS reimbursement of settlement administration expenses up to a maximum amount of $545,000, which shall be deducted from the Settlement Fund, as those costs are incurred. Plaintiffs' request for reimbursement of settlement administration expenses, in light of all of the facts, is fair and reasonable, and the settlement administration expenses are adequately documented.

23. Up to $545,000 shall be disbursed to reimburse the settlement administrator for its reasonable costs of settlement administration, as those costs are incurred.

24. For the reasons stated on the record, the Court grants the motion for attorneys' fees, costs, and service awards. The foregoing amounts - $6,875,000 in attorneys' fees, $670,885.29 in cumulative litigation costs, and $10,000 in cumulative service award payments to class representatives – shall be disbursed within 7 days of this Order from the Settlement Fund now held in escrow.

For the reasons discussed above, the Court GRANTS Plaintiffs' motion for final approval.

**IT IS SO ORDERED.**

DATED: February 21, 2025

The Hon. Edward M. Chen
United States District Judge