Andre M. Mura (SBN 298541)
Ezekiel S. Wald (SBN 341490)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, CA 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
amm@classlawgroup.com
zsw@classlawgroup.com

Geoffrey A. Graber (SBN 211547)
Karina G. Puttieva (SBN 317702)
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Ave. NW, Suite 800
Washington, DC 20005
Telephone: (202) 408-4600
Facsimile: (202) 408-4699
ggraber@cohenmilstein.com
kputtieva@cohenmilstein.com

*Attorneys for Plaintiffs and the Certified Class*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| CAT BROOKS and RASHEED SHABAZZ, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>THOMSON REUTERS CORPORATION,<br><br>　　　　　　　　　　Defendant. | Case No. 3:21-cv-01418-EMC-KAW<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Hon. Edward M. Chen |

1    Plaintiffs move pursuant to Civil Local Rules 7-11 and 79-5 to seal the Declaration of Steven Weisbrot, Esq. For *In Camera* Review and certain exhibits thereto ("Weisbrot Decl."); because they include proprietary and highly confidential details about settlement administrator Angeion Group's business relationships and revenues.

As required by Civil Local Rules 79-5(c) and 7-11(a), Plaintiffs simultaneously submit (1) the declaration of Andre M. Mura in support of Plaintiffs' Administrative Motion to File Under Seal ("Mura Decl."); and (2) a proposed order identifying the documents sought to be sealed.

I.    **LEGAL STANDARD**

There is a "strong presumption in favor of access" to court records, but "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). The legal standard applicable to whether a document should be sealed depends on whether the document is attached to a dispositive motion or a non-dispositive motion. *See id.* at 1179-80. Documents attached to dispositive motions may be sealed only when the proponent establishes "compelling reasons" for doing so. *Id.* at 1179. Documents attached to non-dispositive motions that relate to the merits only tangentially may be sealed upon a lesser showing of good cause. *Id.* at 1180. Motions to file under seal connected to approval of class action settlements are subject to the "compelling reasons" standard. *Thomas v. MagnaChip Semiconductor Corp.*, No. 14-CV-01160-JST, 2017 WL 4750628, at *4 (N.D. Cal. Oct. 20, 2017); *In re Yahoo! Inc. Sec. Litig.*, No. 17-CV-00373-LHK, 2018 WL 11349976, at *2 (N.D. Cal. May 9, 2018).

What reasons are sufficiently compelling to justify sealing documents is generally "left to the sound discretion of the trial court." *Ctr. For Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  Courts commonly seal "business information that might harm a litigant's competitive standing[.]" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

## II. ARGUMENT

At the November 4 status conference, the Court asked Angeion to prepare a declaration and associated materials for the Court's and counsel's review, and indicated that those materials could be protected from public disclosure. ECF 290. Angeion now seeks to file that information under seal. The declaration and accompanying materials, as requested by the Court, include proprietary information revealing Angeion's business relationships and revenues. Weisbrot Decl. ¶¶ 42, 55. There are compelling reasons to seal this sort of proprietary business information, as it "might harm a [business's] competitive standing[.]" *Nixon*, 435 U.S. at 598. Angeion does not publicly disclose this information in the ordinary course of its business, and is submitting it to the Court for review pursuant to the Court's direction at the November 4, 2025 status conference. ECF 290; Weisbrot Decl. ¶¶ 42, 55. The sealing of this declaration (through narrow redactions) and the supporting exhibits (which reveal highly competitively sensitive information and are marked for Attorney's Eyes Only in their entirety) is narrowly tailored to protect Angeion's competitive and highly sensitive proprietary information.

Plaintiffs do not oppose Angeion's sealing request.

## III. CONCLUSION

For the reasons discussed above and in the Weisbrot Declaration, Angeion respectfully asks the Court to issue an order sealing the designated materials.

DATED: November 13, 2025

Respectfully submitted,

*/s/ Andre M. Mura*
Andre M. Mura

Andre M. Mura (SBN 298541)
Ezekiel S. Wald (SBN 341490)
**GIBBS MURA LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: (510) 350-9700
Facsimile: (510) 350-9701
amm@classlawgroup.com
zsw@classlawgroup.com

1
2   Geoffrey A. Graber (SBN 211547)
    Karina G. Puttieva (SBN 317702)
3   **COHEN MILSTEIN SELLERS & TOLL PLLC**
4   1100 New York Ave. NW, Suite 800
    Washington, DC 20005
5   Telephone: (202) 408-4600
6   Facsimile: (202) 408-4699
    ggraber@cohenmilstein.com
7   kputtieva@cohenmilstein.com
8
9   *Attorneys for Plaintiffs and the Certified Class*
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing and its attachments was served via electronic mail on November 13, 2025, to Counsel for Defendants.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

/s/ *Honeyleen Bohol*
Honeyleen Bohol